Judge Ewing
delivered the Opinion of the Court.
Judgment was recovered at law, in favor of Moses Greenwade, against John Greenwade, for four hundred and thirty dollars and twenty five cents, and interest and costs, on a note dated the 30th August, 1830.
*496 John Greenwade filed his bill in chancery, with injunction, to be relieved from the judgment.
He charges the .note on which judgment was recovered, to have been executed in substitution of, and for a balance, which was supposed to be owing by him,j;on a previous note, executed by him to Moses Greenwade, for six hundred and seventy four dollars and sixty five cents, dated the 5th day of October, 1821, and that the last mentioned note was executed in substitution of, and for a balance that was supposed to be owing by him, on a previous note given by him to said Moses, for six hundred and twenty dollars, dated the 2d day of August, 1819;- and all said notes are exhibibited, the last mentioned note bearing interest from the elate. That the note of 1819 was executed for no other consideration than the loan of four hundred and fifty dollars in depreciated paper, on the Allegany Bank of Cumberland, worth, at the time, not more than three hundred and thirty seven dollars and fifty cents, and fifty dollars in good money. And charges the loan to have been usurious, on that account, and insists on a deduction.
He also states, that since the date of the note of 1819, he has made various payments in money, for . which he has not obtained credits. That he was joint owner with said Moses, in a boat, which was worth two hundred dollars, which was left with said Moses, to sell, and apply his half of the price as a credit on the said note. That he had only allowed him a credit for thirty seven dollars, endorsed on the second note aforesaid, taken in by him. Also, tha,t after the execution of the note sued on, he let him have a horse at seventy dollars, which was to have been credited on the said nóte, but was not. And insists, that nothing is due said Móses; and prays a perpetual injunction.
The answer of Moses Greenwade, in substance,, denies the alleged equity; and states, that said note was given in part for a loan of money, and upon the -settlement of accounts between them, in.Maryland, &c. and insists on a dissolution of the injunction.
Subsequently to'the filing of this answer, an amendment was made by the complainant to his bill, in which *497 he substantially sets up and repeats the same equity set forth in his original bill: which amendment was not answered by the defendant, and by an order of the Circuit Court, was taken for confessed; and upon final hearing, a perpetual injunction against the whole judgment at law decreed. F,rom this decree, Moses Greenwade has appealed to this Court.
The laws of the latb^toYnterest 811(3 usury, vary whether1 a’ note payable in anotha contract there m?(,e>is affected with usury or not, depends upt3le local law* which are not tothecounsTere* but are facts to proveriikeother facts; and with-no^omtLrecan decide that such rious. ISUSU"
8 . charge denied by an-repeated in an ^“akenfor1confessed.
It clearly appears, that the first note was executed in the state of Maryland, where Moses Greenwade lived; that it was not made payable at any other place; that the loans were made in that state, and the whole transactions between them, which were consummated by the execution of said note, took place there. x
It is clear, therefore, that the laws of Maryland govern , re • ., . J , , the contract. If . usurious, or void, m part or m whole, it must be made so by the laws of that state, and not by the laws of Kentucky. The lex loci governs the contract, and by this test it must be tried. Each state has its own peculiar statutes on the subject of interest, as well as of usury. In some of the states a greater rate of interest may be reserved by special contract on the loan of money, than is collectable on ordinary bonds or notes, and in others a much higher rate of interest may legally be reserved, than is sanctioned by the laws of Kentucky; and in others there are no prohibitory statutes against usury.
What may be the legal rate of interest in Maryland, and whether any, and if any, what laws existed in said state, against usury, at the time when said contract was made, this Court cannot judicially know. These are facts to be averred and proven, like other facts. And as in this case, they are neither averred, or attempted to be proven, this Court are not warranted in concluding that the first note was executed on a contract for the loan of money, in violation of any law of said state.
Besides, it does not appear, whether the bank bills on the Allegany Bank of Cumberland, received by said complainant on loan, were under par in the neighborhood when said contract was made; or if under par, how much — unless the amended bill of the complainant, which charges them to have been at that time at a discount of *498 twenty five per cent, be taken as confessed. We are satisfied that this cannot be done.
A pafty complains, that a certain credit entered on his note, was for much 'less than he was entitled to; but it appears, that he had taken up 'that note, and given a new one for abalance still úlüe — an agreement and settlement as to the amount of the credit, is presumed — and ndt ■disturbed.
Complainant al9eges, that he sold a horse to defendant at $70 —winch should 'have been credited on compPts units that he re-at "that price°but •says it was in •ether611 demand's held that, in the proofdf this aliegation in avoid-as claimed must %e allowed.
The original bill makes the same charge; which was substantially denied by the answer. A repetition of the charge in an amendment, though the defendant may fail to repeat his denial, will not authorize the complainant to take that fact as confessed, or any other fact which ’had been before responded to, and denied.
The first note executed by the complainant, being unimpeachable on the score of usury, and there being no evidence in the cause going to show a mistake or fraud, or that it was given for a larger sum than was then due to the defendant — the next question, is to dispose of the credits -that are claimed by the complainant.
In relation to the boat, thirty seven dollars is charged by the complainant, to have been credited on the second note, on that account; which the defendant alleges was .more than the half that was ever received for the boat. That note was taken up by the complainant, with said credit endorsed thereon, and upon a calculation and deduction of that and other credits, a new note for the balance was given, which is the note sued on. From which, it may reasonably be presumed, that the credit for the boat was agreed on, and settled by the parties at that time.
Imrelation to the horse, the complainant charges that , . . ., , . ° , he was received as payment on said note, at seventy dollars. The defendant acknowledges that he was re- . . , , . . . ceived at that price; but alleges, that he was received m payment of a claim due to his father, which had been assigned to him. No satisfactory evidence is produced, lowing the existence of the alleged claim, or that it was assigned to him, or that he had any authority to col^ect ' Nor is any grounds alleged, tending to show his inability to establish these facts; and if they were true, ^ seemed easy for him to prove them by the testimony 0f his father. And there is some evidence tending to show, that the horse was paid after the last note was executed, and if so, could not have been deducted before the same was given.
*499 Upon the whole, it being clear that the horse was paid at an agreed price, and which is acknowledged not to have been credited, in the absence of all proof as to the existence of any other demand upon which he may have been paid, we are constrained to conclude, that'his value should be allowed as a credit on the note in contest* All the other credits set up in the bill, seem to have been estimated and allowed before the last note was. given, as will appear by a minute calculation.
It is therefore, decreed by the Court, that the decree of the Circuit Court be reversed, and the cause remanded, that a credit of seventy dollars, of the date of the note sued on, be allowed, and the injunction be dissolved for the balance, with damages.