CASE 76—PETITION EQUITY—NOVEMBER 11.

# Roots v. Merriwether.

8bu397
f137  374

### APPEAL FROM THE LOUISVILLE CHANCERY COURT.

1. DEPOSITIONS TAKEN IN A FORMER SUIT BETWEEN THE SAME PARTIES in relation to the same matter and controversy are admissible in evidence, even without proof of the death of the witness or his absence from the state, subject to such exceptions as might have been taken by the party objecting in the first suit. (Brooks v. Cannon, 2 Marshall, 525; 2 Daniell's Chancery Pleading and Practice, 1014; 1 Greenleaf on Evidence, section 553.)

2. No error will constitute a ground of reversal which does not affect the substantial rights of the party who may complain of it. (Civil Code, section 161.)

     The failure of the circuit court before the commencement of the trial to pass upon exceptions to depositions, that they were irrelevant and incompetent, when such depositions were both relevant and competent, is no cause for reversal.

3. PLEADINS SHOULD AVER FACTS, not conclusions of law.

4. THE LAW OF ANOTHER STATE, WHEN DEPENDED UPON IN A COURT OF KENTUCKY, IS NOTHING BUT A FACT, and must be pleaded, as any other fact, with sufficient distinctness, that the court, upon a statement of the fact, may judge of what is the effect of the law.

5. The Revised Statutes of Illinois and 1 Breese's Reports were not allowed to be read as evidence in this case, for reasons given by the court below, which are approved and fully set out in the opinion of this court.

6. The failure of the consideration of a note executed in Ohio and made payable in Illinois is established in this case by the law of Kentucky, by which it was admissible for the defendant to allege and prove in his defense a failure of the consideration of the note.

P. F. GREEN, . . . . . . . . . . . . For Appellant.

BARR & GOODLOE,  
R. W. WOOLLEY,   } . . . . . . . . For Appellee.  
—— HUMPHREY,

     (Record and Briefs in this case have been misplaced.)

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

On the 18th of March, 1857, the appellee, at Cincinnati, Ohio, executed his promissory note for $1,388.89, payable two years thereafter, " to the order of D. H. Merriwether, at R. K. Swift's bank, Chicago, Illinois," of which note the appellant, G. Y. Roots, by proper indorsements, became the owner and holder, and as such at the maturity of the paper caused it to be duly presented and protested for non-payment. He instituted this action on the 1st of February, 1870, founded on the note, of which he exhibited a copy, the original having been lost or destroyed.

To the petition the defendant filed an answer, pleading, in substance and effect, that the note was given for an interest in a patent for " what was known as Childs's cement roofing," which was of no value, and there was therefore no good or valuable consideration for the note, the execution of which was obtained by fraud.

Amended pleadings were afterward filed, the plaintiff alleging that by the laws of Illinois, where the contract was to be performed, the defendant was " indebted " to him " for the amount of said note, with interest from the date thereof." And the defendant, besides denying this, further pleaded and relied on the statute of limitations as a bar to the action.

The cause progressed to a trial, which resulted in a judgment for the defendant, from which the plaintiff prosecutes this appeal.

The rulings and final decision of the court involve several questions which are by the argument in this court specifically presented for our determination. The first of these to be considered relates to the action of the court in permitting the defendant to read in evidence the deposition of William E. Childs, which had been taken by the plaintiff in a previous action between him and the defendant, involving the same subject-matter. In the argument for the appellant we have

been referred to several adjudged cases as authority to sustain his objection which was made in the court below to the reading of the deposition. Neither of those cases is analogous to this; but their proper application seems to be to questions of the identity of the parties, or issues in the cases in which the proof is offered with those in which it was taken, or to the admissibility of secondary evidence as a means of reproducing the oral testimony of dead or absent witness. But when, as in this case, a deposition has been taken between the same parties in relation to the same matter and controversy, it is in our opinion admissible in evidence, even without proof of the death of the witness or his absence from the state, subject of course to such exceptions as might have been taken by the party objecting in the first suit. (Brooks v. Cannon, 2 Marshall, 525; 2 Daniell's Chancery Pleading and Practice, 1014; 1 Greenleaf on Evidence, section 553.)

The defendant having taken the depositions of various witnesses proving facts conducing to sustain his defense that there was no sufficient consideration to uphold the note sued upon, the plaintiff excepted to these depositions on the assigned grounds that they were "one and all irrelevant and incompetent," and moved the court to decide upon these exceptions before the commencement of the trial; and the motion being overruled, this action of the court is complained of as erroneous.

Section 651 of the Civil Code provides that "no exception other than to the competency of the witness, or to the relevancy or competency of the testimony, shall be regarded unless filed and noted on the record before the commencement of the trial." And the next section (652) requires that "the court, on motion of either party, shall decide upon the exceptions before the commencement of the trial."

It is insisted for the appellee that as objections for want of competency or relevancy of testimony may be taken during

the progress of the trial, without the formal filing of exceptions, the requirement contained in section 652 was not intended to apply to such causes of objection. But whether this be so or not, and whether the refusal of the court to pass on the exceptions should or not be regarded as equivalent to over-ruling them, as no error will constitute a ground of reversal which does not affect the substantial rights of the party who may complain of it (Civil Code, section 161), it is obvious that if the exceptions should have been overruled whenever acted upon by the court, the mere non-action of the court on the motion of the appellant is no cause of reversal in this court. The testimony excepted to seems to have been both competent and relevant to the issue formed by the plea of no consideration, if from the state of the pleadings, and the legal character and effect of the contract, expressed by the note of the defendant, that ground of defense could have been available at all.

These views and conclusions logically lead to the consideration of another, and as we conceive the most important, question presented by the argument. Before the final hearing of the cause the plaintiff, for the purpose, as we must infer, of enabling the court to interpret the contract according to the law of Illinois with reference to the relative rights and liabilities of the parties, offered and asked leave to read in evidence "the Revised Statutes of the state of Illinois and the first volume of Breese's Illinois Reports," to which the defendant objected on the ground of the irrelevancy of the books offered in evidence; and the court, in its decision and judgment, sustained the objections for the following reasons:

"The allegation of the amended petition, that by the law of Illinois the defendant is indebted to the plaintiff in the amount of said note, does not seem to the court to be an averment sufficient to support any proof of what the law of Illinois is.

Roots v. Merriwether.

"The particular statute of that state, if there be such, which would fix the liability of the defendant, is not mentioned or referred to, nor is there anything in the averment from which the defendant or the court could infer what law of Illinois was meant.

"The averment does not indicate whether the law is statutory, or has been established by the precedents of the Illinois courts.

"The law of another state, when depended upon in a court of Kentucky, is nothing but a fact, and must be pleaded, as any other fact, with sufficient distinctness, that the court upon a statement of facts may judge of what is the effect of the law.

"In this instance the court is required, if the plea is held good, to take the plaintiff's conclusion or opinion as a fact, and no fact is alleged upon which the court can have an opinion of its own as to the effect of the law."

We have thus set out the opinion of the chancellor at length, because it substantially expresses our own views, and accords with the weight of authority on the question under consideration. (Greenwade v. Greenwade, 3 Dana, 495; Jones v. The Bank of Tennessee, 8 B. Mon. 122; Collett v. Lord Keith, 2 East. 260; Hawes v. Braughton, 10 Wend. 75.)

It results that the court properly determined the case by the law of this state, by which it was admissible for the defendant to allege and prove in his defense a failure of the consideration of the note, and we concur in the conclusion of the chancellor that the evidence sustained that defense.

In relation to the action of the court, which is complained of, as to the preparation and hearing of the cause, we deem it sufficient to say that no abuse of the proper discretion of the court is perceived.

Wherefore the judgment is affirmed.