BOLTON *v.* THE GEORGIA PACIFIC RAILWAY COMPANY.

1. To an action against a railroad company for injuries received in Alabama from defective materials furnished to its servant, an amendment declaring on an Alabama statute giving a right of recovery on other grounds, adds a new cause of action, and is not allowable. Such amendment might be made if the statute were invoked, though defectively, in the original declaration. But though that declaration set forth all the facts required by the statute to be pleaded, they were mere surplusage and without legal vitality in the absence of reference to the statute itself.

2. The injuries having been received by the use of a temporary ladder made by a helper under the plaintiff, who knew that it was so made and failed to examine it, testimony as to the saying prior to the accident, by one higher than he in authority, with reference to complaints as to the inefficiency of the helper, that he would be discharged as soon as possible, was inadmissible; no one representing the company having induced the plaintiff to use the ladder.

3. A good ladder having been provided by the company, if the helper constructed a temporary one with defective lumber, and the plaintiff at his suggestion used it instead of the one furnished by the company and was injured, he could not recover.

November 11, 1889.

Railroads. Negligence. Master and servant. Actions. Pleadings. Amendment. Evidence. Nonsuit. Before Judge MARSHALL J. CLARK. Fulton superior court. March term, 1889.

Reported in the decision.

L. W. THOMAS and J. A. HUNT, for plaintiff.

JACKSON & JACKSON, for defendant.

SIMMONS, Justice.

Bolton brought his action against the railroad company for injuries received by him in Alabama, on account, as he alleged, of the negligence of the company through its agents and servants. His declaration was founded upon the common law right which renders the employer liable for knowingly furnishing defective materials to its servants, whereby they are injured. At the trial he offered to amend his declaration by declaring on the statute of Alabama, which gives employés a statutory right to recover upon other grounds. This amendment was objected to by the defendant, and the objection was sustained; and this is one of the errors assigned in the bill of exceptions.

1. We do not think the court erred in refusing to allow this amendment. Whenever a suit is commenced in this State and the plaintiff relies for his right of action and his recovery upon a foreign statute, he must plead said statute. If he pleads it defectively, or shows in some way that he relies upon it, he will be entitled, under our code, to amend by setting out the statute, or such parts of it as he relies on, as was done in the case of South Carolina R. R. Co. v. Nix, 68 Ga. 572. If, however, he commences his action and relies upon his

common law right, we do not think he can amend his common law declaration by setting out the statute and relying upon that for his right to sue and for his recovery. In this case the original declaration was founded upon the common law right. Nothing was even intimated therein to the effect that he relied upon the statute. According to the decision in *Exposition Cotton Mills* v. *Western & Atlantic R. Co.* and cases cited therein, made at this term, this amendment would have added a new and distinct cause of action. 83 *Ga.* 441.

But it is argued by counsel for plaintiff in error that all of the facts required by the Alabama statute to be pleaded, were already pleaded in the declaration, and that simply to mention the statute in the amendment and recite the same facts therein would not be a new cause of action. While it may be true that all the facts required by the Alabama statute had been set out in the declaration, still those facts alleged in the common law declaration were mere surplusage, and had no legal vitality, and would have been so regarded by the court trying the case. It required the pleading of the statute to give them any vitality at all. As we have seen, that statute is not mentioned or intimated in the original declaration, and hence to have allowed the amendment offered would have been allowing the introduction of a new cause of action.

2. The second ground of error alleged in the bill of exceptions is, that "the court refused to allow evidence of the sayings of Rogers that he would discharge Mosely as soon as possible, because these statements made to the plaintiff induced him to remain in the service of the defendant." There was no error in ruling out these declarations. The evidence shows that complaints had been made as to the inefficiency of Mosely as a carpenter, but it also shows that the plaintiff was not injured by Mosely. If Mosely was inefficient, the

plaintiff knew it, and with knowledge of his inefficiency he used a temporary ladder made by Mosely, who was a "helper" under him, knowing at the time that it was made by him, and without examining it before he trusted himself upon it. It seems to us that if he had the supervision of Mosely and knew that Mosely was an incompetent and careless workman, he ought not to have trusted himself upon the ladder constructed by Mosely, without at least examining it. A promise made by Rogers that he would discharge Mosely as soon as possible, was therefore irrelevant.

Neither Rogers nor any one else representing the railroad had anything to do in inducing him to use the cleats nailed on by Mosely.

3. The next error complained of was, the granting of the nonsuit. We see no error in this. There is no evidence in the record going to show that the plaintiff or Mosely was instructed by the company or its agents to use defective or any other material in constructing this ladder. Indeed there is no evidence going to show that Mosely was instructed to make this ladder. It seems that a good ladder had been provided by the company, but that Mosely, without any instructions from any one, took defective lumber, as it is now claimed, sawed it into cleats and nailed them upon a post for the purpose of ascending to and descending from the roof of the house ; and that when the plaintiff had occasion to descend, he was advised by Mosely to go down the ladder thus constructed, instead of going down the one furnished by the company. The plaintiff took this advice and was injured. Under this state of facts, he was not entitled to recover, and the court did right to grant a nonsuit.

For a discussion of the rights of the servant to recover from the master at common law, see *Georgia R.*

*R. Co.* v. *Nelms*, decided at the last term, 83 *Ga.* 70, and notes to the same case in 29 Central Law Journal, 354.                                    *Judgment affirmed.*