## CUMMINGS v. MONTAGUE et al.

Where a plaintiff relies for his right of action and recovery upon the provisions of a statute of another State, that statute must be pleaded.

Argued October 10, — Decided October 30, 1902.

Action for damages. Before Judge Fite. Dade superior court. June 16, 1902.

*J. P. Jacoway*, by *R. J. McCamy*, for plaintiff.
*J. Hodge McLean*, for defendant.

SIMMONS, C. J. Suit to recover damages for malicious prosecution was brought by Cummings against Montague and Bush. The petition was demurred to, and the demurrer sustained. To this

the plaintiff excepted.. The petition alleged that the damages had been caused by the defendants' causing process of garnishment to be served upon certain creditors of the plaintiff in Tennessee, in violation of the laws of that State, the defendants knowing at the time that plaintiff had in the same county ample property, subject to execution, to have satisfied the claims against him. One of the grounds of demurrer was that the petition stated no cause of action, and another that it did not allege wherein the garnishment was wrongful. Tested by the laws of Georgia, we are clear that no cause of action was set forth. There is no reason, in this State, why a claim may not be collected by garnishment regardless of the existence of tangible leviable property of the debtor in the same jurisdiction. Garnishment is a purely statutory remedy (Rood, Garn. § 6); and unless the statute restricts its use to cases where the debtor has no property subject to levy and sale, such restriction does not exist. There is no such restriction in Georgia.

The petition seems, however, to have been based upon the law of Tennessee, and in the brief of the plaintiff in error a Tennessee statute is set out. Under this statute it would seem that resort to garnishment should not be had if there can be found in the county property of the debtor sufficient to satisfy the execution. No such statute was set out or referred to in the petition. There was a general statement that the garnishments "were in violation of the laws of the State of Tennessee," but no statement as to what those laws were or wherein they had been violated. If the plaintiff wished to base his suit upon a Tennessee statute, that statute should have been pleaded. The courts of Georgia can not take judicial cognizance of the statutes of a foreign State, and, within the meaning of this rule, the other States of this country are foreign. When the statute of such a State is relied upon, it must be pleaded and proved just as any essential fact of which the court can not take judicial notice. See *Bolton* v. *Railway Co.*, 83 *Ga.* 659. There was nothing in the petition to give information of the statute relied upon in the plaintiff's brief, and the demurrer to the petition was properly sustained.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*