## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* EVANS.

1. The defendant company failed to establish by proof its special defense that the railway track on which the plaintiff's husband was killed was operated and controlled by another company having the same corporate name.

2. The court properly overruled the defendant's motion to dismiss the case on

the ground that it was without jurisdiction to try the same, inasmuch as a Georgia corporation which transacts business in another State may be sued in this State by a non-resident for injuries inflicted in that State.

3. Where a plaintiff relies, as an act of negligence authorizing a recovery, upon the breach of a duty imposed upon a railway company by a statute of a foreign State or by an ordinance adopted by a municipality thereof, it is incumbent on the plaintiff to specially plead the statute or ordinance ; and in the absence of proper pleading, proof in regard thereto is inadmissible.

4. It was not permissible for a witness in behalf of the plaintiff to state his " conclusion," drawn from facts testified to by him, that at the place where her husband attempted to cross the company's track there was less danger to a pedestrian than there was at a near-by crossing. Nor was it the right of the defendant to introduce evidence tending to show general knowledge on the part of the public as to the danger incident to crossing its track at the point where the plaintiff's husband was killed.

5. Where a plaintiff alleges a number of acts of negligence on the part of the defendant, it is not necessary to a recovery that proof should be made of each and all of such negligent acts, if the defendant's liability to respond in damages be shown by establishing the commission of one or more of the acts of negligence complained of.

6. The court rightly construed and upheld as constitutional the statute on which the plaintiff relied as conferring upon her the right to recover proportionate damages in the event the jury should find that both the servants of the company and her husband were at fault.

7. The charge of the court as to the measure of damages recoverable in this kind of a case was warranted by the evidence, and was not open to the criticism that the court instructed the jury to consider certain elements of damages which the law did not contemplate should be looked to in estimating the loss sustained by the plaintiff.

Argued October 7,—Decided December 10, 1904.

Action for damages. Before Judge Norwood. City court of Savannah. February 5, 1904.

*William L. Clay* and *Walter G. Charlton,* for plaintiff in error. *Twiggs & Oliver,* contra.

EVANS, J. The plaintiff below, Mrs. Elizabeth Evans, brought a suit for damages, in the city court of Savannah, against the Savannah, Florida & Western Railway Company, a Georgia corporation, which she alleged was, in the month of October, 1899, operating a railroad running into and through the Town of Lakeland, in Polk county, Florida. Her complaint was that the defendant company on October 5, 1899, while operating an engine along its track through that town, ran over and killed her husband as he was at night attempting to cross its track at a point where, by long established license, the public in general and the citizens

of that town, including her husband, had been permitted to cross. The acts of negligence with which the company was charged were: (1) that the engine was being handled by a locomotive engineer who the company knew was incompetent to run it, and who, without any warning to plaintiff's husband, suddenly and rapidly propelled the engine backward, at a greater rate of speed than allowed by law; (2) that the company had failed to provide safe or suitable crossing facilities at the point where he was attempting to cross its track, and had further failed to provide any means of warning persons crossing at that point of the danger of approaching trains; (3) that the company's servants did not give the usual and proper signals of the approach of its engine, nor display the proper light or lights on the rear of the engine; and (4) after they saw, or were in a position to see, plaintiff's husband on the track, where he had a right to be, they failed to give him any warning of his perilous situation, and failed to apply the brakes on the engine or to use any other preventive measures by which his life could have been saved. The plaintiff averred that her husband was, at the time, using due care and circumspection, but was unable to hear the approaching engine, because of the roar and noise of another engine, pulling a heavy train of cars of defendant, which was then and there passing in close proximity to him along another track. She set forth in her petition what purported to be a literal transcript of certain statutes of Florida upon which she relied as conferring upon her, as the widow of the deceased, a right of action for his homicide; also a copy of other statutes imposing upon railroad companies the burden of overcoming a legal presumption of negligence in such cases, and providing for the recovery of proportionate damages where a person injured by the negligence of the servants of a railway company was not himself entirely free from fault. The defendant company filed an answer, in which it made a general denial of the allegations of fact upon which the plaintiff relied as showing liability on its part, and in which it specially pleaded that the tort complained of was committed by another railroad company. A verdict in favor of the plaintiff was returned by the jury, which the court declined to disturb after passing upon a motion for a new trial made by the company. It thereupon sued out a bill of exceptions, in which complaint was made of divers rulings of the court, to which it had

excepted pendente lite, and in which it also assigned error upon the judgment overruling its motion for a new trial.

1. In its answer the defendant company set up the defense that it did not own and had never operated the railroad in Florida, mentioned in the plaintiff's petition, but that this line of road was owned and operated by another and distinct corporation, having the same corporate name. The evidence adduced at the trial showed, however, that the defendant railroad company was controlling and operating the engine which killed the plaintiff's husband.

2. After both sides had announced closed, counsel for the defendant moved to dismiss the plaintiff's action, on the ground that the court was without jurisdiction to entertain the same, it appearing from the evidence that at the time of the homicide she and her husband were both living at Lakeland, Fla., where she had since continuously resided; that the cause of action arose in that State, and that her husband was killed by a Florida corporation. As already intimated, the proof was that the plaintiff's husband was killed by the defendant company during the course of its operation of a railway running through the town of Lakeland, Fla. And it is well settled that a Georgia corporation which transacts business in another State may be sued in Georgia by a citizen of a sister State for injuries inflicted in that State. *South Carolina R. Co.* v. *Nix,* 68 *Ga.* 580; *South Carolina R. Co.* v. *Dietzen,* 101 *Ga.* 730, and cases cited.

3. Over the objection of the defendant, the court permitted the plaintiff to introduce proof of a statute of Florida, imposing on railroad companies the duty of placing crossing signs at all points where their respective roads crossed over highways; providing for the ringing of the bell on every engine before crossing any street in a city; and limiting the speed of trains, while running through any traveled street of a city, to a rate of four miles per hour. The objection to this evidence was that the statute had not been pleaded, and that it was irrelevant to the cause of action stated in the plaintiff's petition. That, in order to gain the advantage of a foreign statute upon which a plaintiff bases his right to recover, the statute must be specially pleaded and proved admits of no doubt. See 9 Enc. Pl. & Pr. 542; 20 Ibid. 598, and authorities cited. This is true for the obvious reason that the courts of one

State can not take judicial notice of the laws of a sister State. *Champion* v. *Wilson,* 64 *Ga.* 184; *Bolton* v. *Ga. Pacific Ry. Co.,* 83 *Ga.* 657; *Craven* v. *Bates,* 96 *Ga.* 78; *Wells* v. *Gress,* 118 *Ga.* 566.    The provision of our Civil Code, § 5231, that the public laws of our sister States, "as published by authority, shall be judicially recognized without proof," does not dispense with the necessity of pleading a foreign law upon the violation of which a party relies as an act of negligence.    On the contrary, this provision (which first appeared in the Code of 1863, § 3747, and was brought forward into the Code of 1868, § 3771, and incorporated in later codifications of our laws) merely means, as was held in the case of *Simms* v. *Southern Express Co.,* 38 *Ga.* 132–133, that where the public laws of a foreign State are published by its authority, the authenticity of its publications need not be shown by the introduction of proof of their genuineness, but will be judicially recognized by our courts without proof, and given the same effect as though its public laws were proved by the introduction in evidence of a duly certified copy thereof, properly authenticated under the great seal of that State.    There is no hint in the plaintiff's petition that her husband was killed at a point where the company's railroad crossed a public highway or at a point where its road ran "through" a street in a city; nor does she allege any duty resting on the company with respect to ringing the bell of its engine at street-crossings or erecting sign-boards bearing the prescribed statutory warning, "Look out for the Cars."    Indeed the allegations of her petition disclose that her husband was run over at a point on the company's road where he and other citizens had long been permitted to cross as mere licensees.    Her alleged right to recover was based solely upon the common-law duty the company owed him under the circumstances, coupled with the Florida statutes conferring upon her, as his widow, the right to hold the company responsible for its violation of that duty, and fixing the measure of the damages recoverable by her.    She did, it is true, aver that the engine was, without any "warning whatever, suddenly and rapidly propelled backward, and at a greater rate of speed than allowed by law."    But she did not even remotely suggest the existence of any Florida statute regulating the speed of trains while running through cities or elsewhere in that State.    Her bare assertion that the speed of the engine was

greater than that " allowed by law " amounted to no more than a mere conclusion of fact, in the absence of any attempt to specially plead the Florida statute offered in evidence.    Roots *v.* Merriwether, 8 Bush (Ky.), 397; Hempstead *v.* Reed, 6 Conn. 480; Lomb *v.* Pioneer Co., 96 Ala. 430; Walker *v.* Maxwell, 1 Mass. 104; Bean *v.* Briggs, 4 Ia. 464; Collett *v.* Keith, 2 East, 260; Fagan *v.* Strong, 17 N. Y. Civ. Pro. 438; Phinney *v.* Phinney, 17 How. Pr. 197; Rothschild *v.* Railway Co., 26 Abb. N. Cas. 312, and cases cited in note.    That the plaintiff may have made certain allegations which, read in the light of the Florida statute, would disclose that the defendant company had failed to comply with its statutory duty in regard to the manner of running its engine, can not be regarded as the equivalent of pleading that statute or as affecting the nature of the cause of action she set forth, which was a common-law action, pure and simple, so far as the negligence charged against the defendant was concerned.    *Bolton* v. *Ry. Co.*, 83 *Ga.* 659.    It follows, therefore, that the statute should have been excluded, as having no bearing on the case made by her petition.    This ruling also disposes of certain exceptions to the charge of the court, touching the duty of the company with respect to the operation of its engine at and near street crossings in the city.

The court committed further error in allowing the plaintiff to introduce in evidence a copy of section 125 of the " Revised Ordinances of Lakeland, Florida," providing that " No locomotive, car, or train of cars shall be run at a greater speed within the corporate limits than eight miles per hour."    Judicial notice could not be taken of even a valid ordinance of a municipality of this State.    *Mayson* v. *Atlanta*, 77 *Ga.* 663 (5).    The ordinance was not pleaded by the plaintiff, nor was the company charged with a violation thereof or of any other ordinance of the town. The admission of this evidence was, moreover, harmful, as the court followed up the error of admitting it with a charge to the jury which gave to the plaintiff the benefit of the same.

4. A witness for the plaintiff was erroneously allowed, over the defendant's objection, to state to the jury his " conclusion," from certain facts to which he had testified, that " there was less danger to a pedestrian in crossing the railroad " at the point where the plaintiff's husband was killed " than there was in crossing

New York avenue," a point near by. The relative danger of cross-ing at the place selected by the deceased was a question for the jury to determine from the facts brought out, and was not a proper subject-matter for the expression of an opinion entertained by the witness. The court properly declined to admit testimony offered by the defendant which its counsel announced was in-tended to show general knowledge on the part of the citizens of Lakeland and the public at large as to the dangers incident to being on the company's track at the point where the homicide occurred, owing to the customary movements of its trains in that vicinity. The issue before the court was whether the deceased knew, or ought to have known, of the danger of attempting to cross at that point, and whether or not he acted as an ordinarily prudent man in going on the track at the time and under the cir-cumstances shown by the evidence.

5. Counsel for the company presented to the court several written requests to charge, all of which were framed upon the theory that as the plaintiff had charged the company with a num-ber of separate and distinct acts of negligence, she was not en-titled to recover unless she sustained by proof each of the negli-gent acts complained of in her petition. The court refused these requests to charge. The ruling was sound; the theory of the defendant was unsound.

One request to charge on this subject ought to have been given, as counsel for the defense embraced therein only such contentions on the part of the plaintiff as she was bound to establish as a condition precedent to a recovery under the allegations of her petition. Reference is had to the request copied in the 11th ground of the company's motion for a new trial, which request was to the effect that it was incumbent on the plaintiff to show that where her husband was killed was a place where the com-pany had, by long and established license, permitted the public in general and the deceased and other citizens of the town to cross, and that he had a right to be at that point at the time and under the circumstances alleged. It may be added, in this connection, that the court ought to have confined the plaintiff to proof rele-vant to her case as laid, and have sustained the defendant's objec-tions to all evidence offered with a view to showing that the deceased met his death at a regular street-crossing, where the

public had a right to cross independently of any permission or implied license on the part of the company. The pleadings did not warrant the reception of evidence of this character, or any charge thereon giving the plaintiff the benefit of any theory of recovery based on the same.

6. The defendant, during the progress of the trial, invoked a ruling by the court upon the construction to be given a statute of the State of Florida, recognizing the doctrine of comparative negligence, which the plaintiff had properly pleaded. This statute declared that no person should be entitled to recover damages from a railway company where the injury complained of was done by his consent or was caused by his own negligence; but "if the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him." The court held that the meaning of the language quoted was that the jury should make their estimate correspond with the amount of damages the complainant was justly entitled to receive, taking into consideration the fact that he was not entirely free from fault and reducing the amount he would otherwise be entitled to recover in proportion to the neglect or want of care attributable to him. The company's contention is, that, under the wording of this statute, the jury are left free, after determining what amount of money would be just compensation for the injury inflicted, to arbitrarily *increase* that amount in proportion to the degree of default attributable to the plaintiff; and that the statute, thus construed, is unconstitutional, because it is in violation of the Federal constitution "insuring due process of law." We think this a somewhat strained construction of the statute. Giving to it the meaning the court below gave it saves it from any such attack, and, we think, gives effect to the real purpose and intent of its framers. It may well be understood as expressing the idea that if both the company and the plaintiff were at fault, the damages recoverable shall be "diminished or increased by the jury," not in proportion to the amount of money he would be entitled to receive if blameless, but in proportion to the degree of care exercised by him, charging him with "the amount of default attributable to him." Or, in other words, if he be not wholly blameless, his recovery shall be greater or less

in amount, so as to correspond with the default, of slight or of more serious degree, attributable to him.

7. Exception is taken to a charge of the court on the subject of the measure of damages recoverable by the plaintiff, the complaint being that the court erred in stating to the jury what were the elements of damage to be considered by them, there being no evidence to justify a charge as to certain items of loss mentioned, and other elements of damages covered by this charge not being recoverable in this kind of a case. When this case was here at the March term, 1902, a charge similar to that now excepted to was approved, it being in substantially the same language used by the Supreme Court of Florida in the case of F. C. & P. Ry. Co. *v.* Foxworth, 25 So. Rep. 338. See 115 *Ga.* 319. The evidence adduced at the last trial warranted, we think, the giving of the instruction of which complaint is now made. We definitely rule on this point for the guidance of the court in framing its charge on the next hearing of the case, which must, for the reasons above announced, undergo still further investigation.

*Judgment reversed. All the Justices concur.*