## GENERAL SUPPLY AND CONSTRUCTION CO. *v.* LAWTON.

1. The petition in this case states a cause of action, and a general demurrer thereto was properly overruled.
2. The plaintiff having alleged in his petition that while passing under a scaffolding he received certain injuries because of certain defects in the scaffolding which caused it to fall upon him, and that he was, at the time of receiving the injuries, passing under the scaffolding "by the direction of the agent or foreman of the defendant company," the petition was demurrable upon the ground "that the name of such agent or foreman was not given, and that the petition fails to state whether the person by whose direction the plaintiff passed under the scaffolding, was agent or foreman, or to state what duties or services the alleged agent or foreman performed, so that it might appear whether such agent or foreman was acting as a fellow-servant of plaintiff or as vice-principal of the defendant."
3. Where a demurrer is improperly overruled, and the case proceeds to trial, all that takes place in the trial subsequently to the overruling of the demurrer is nugatory.

Argued January 8,—Decided August 19, 1908.

Action for damages. Before Judge Cann. Chatham superior court. May 2, 1907.

Lawton brought suit against the General Supply and Construction Company, for damages on account of personal injuries. The petition alleged, that the plaintiff was employed as a general laborer to work in and about the National Bank Building in Savannah, which building was being constructed by the defendant company; that while engaged in his work, going from one part of the building to another, plaintiff, by the direction of an agent or foreman of the company, passed beneath some scaffolding on the first floor of the building, and while passing beneath this scaffolding, some one called, "Look out!" and before he could escape from the room the scaffolding fell and injured him; that he was in the exercise of due care and caution, he had no knowledge of the de-

fective condition of the scaffolding, nor could he have discovered the same; that the injuries received by him were due to the negligence of the company in allowing the scaffolding to be so defectively constructed or in such defective condition that it would fall; that the company was further negligent in permitting him, while in its employment, to go through the room and beneath such defective scaffolding, and that the company knew the defective condition thereof. He amended by alleging, that said scaffolding was erected by the defendant or its agents, and was at all times under the company's control; and that the company had removed two of the central and main supports to the scaffolding for the purpose of removing an engine from beneath the scaffolding, and thereby weakened it to such an extent as to cause it to fall.

The defendant demurred to the original and amended petition, both generally and specially. The demurrer was overruled. It filed a plea and answer; and the case proceeded to trial upon the issues made. After the plaintiff had closed his testimony the defendant moved for nonsuit, and the motion was overruled. A verdict was rendered in favor of the plaintiff. The defendant's motion for a new trial, was overruled; and it excepted to each of the rulings stated.

*Gordon & Charlton,* for plaintiff in error.

*Cann, Barrow & McIntyre,* contra.

BECK, J. (After stating the facts.)

1. We are of the opinion that the petition set forth a cause of action, and that the court was right in overruling a general demurrer thereto.

2. Besides filing a general demurrer, the defendant demurred to the petition specially on the grounds that "said declaration is vague and insufficient in that it does not set out the name of the 'agent or foreman' of this defendant, under whose direction plaintiff was working at the time of the alleged accident;" and upon the further ground that "The said declaration is vague and insufficient, in that it states that the plaintiff was acting under the direction of one of the agents or foremen of the defendant company, and yet it fails to specify whether agent or foreman; and further, it fails to state in detail what duties, services, or labor such agent or foreman performed, so that it may appear whether such agent or foreman was acting as a fellow-servant of plaintiff

or as vice-principal of defendant.". Considering these two grounds of demurrer together, we are of the opinion that they should have been sustained, no appropriate amendment to the petition to meet them being offered. Had the plaintiff stated in his petition what "duties, services, or labor the alleged agent or foreman performed," so that the defendant would have been put upon notice as to whether such agent or foreman was acting as a fellow-servant of plaintiff or as vice-principal of the defendant, the mere failure to give the name of the person alleged to be agent or foreman would not of itself have been good ground for demurrer. *Pierce* v. *Seaboard Air-Line Ry.*, 122 *Ga.* 664 (50 S. E. 468); *South Ga. Ry. Co.* v. *Ryals,* 123 *Ga.* 330 (51 S. E. 428). But the failure both to state the name of the alleged agent or foreman, and to set forth what duties or services his position required of him, left the petition open to attack by special demurrer. The information called for by this special demurrer was of such a character that the defendant was entitled to have it given in the plaintiff's statement of his case in the declaration. It was material for the defendant to know, in preparing to meet the case made by the plaintiff in his pleadings, whether or not the plaintiff would insist that in passing under the scaffolding, by the falling of which the plaintiff was injured, "by direction of the said agent or foreman," the direction or order to pass under the scaffolding was given by one whose position and duties were of such a nature as to make him the vice-principal of the defendant, or whether he was a mere fellow-servant with the plaintiff himself.

There were other grounds of special demurrer, but, so far as they were meritorious, they were met by proper amendments; or at least, as they were stated, they will not require a reversal.

3. The court having erroneously overruled the ground of the demurrer which we have held to be a proper criticism of the petition in this case, all that took place subsequently upon the trial was nugatory and of no effect, the erroneous refusal to sustain a demurrer vitiating the entire trial; and questions made by assignments of error upon rulings of the court, during the trial, and upon certain portions of the charge to the jury, will not be considered. *Seaboard Air-Line Ry.* v. *Smith,* 3 *Ga. App.* 1 (59 S. E. 199).                *Judgment reversed. All the Justices concur.*