# Allen *v.* Tuscarora Valley Railroad Company, Appellant.

*Negligence—Railroads—Brakeman—Coupling cars—Act of congress of March 2, 1893—Practice, C. P.—Amendment to statement—New cause of action—Assumption of risk—Statute of limitations.*

1. In an action brought by a brakeman against a railroad for injuries received while coupling cars, where the original statement was at common law and alleged that the injuries resulted from the negligence of the defendant company in using a coupler more dangerous than the usual coupling employed on railroads, an amendment to the statement four years later alleging that the railroad was engaged in interstate commerce and its cars were equipped with couplers in violation of the act of congress of March 2, 1893, c. 196, sec. 2, 27 Statutes at Large, 531, making it unlawful for a common carrier to employ cars in interstate traffic not equipped with couplers coupling automatically by impact and providing that any employee injured by a car or train not so equipped shall not be deemed to have assumed the risk thereby occasioned introduces a new and different cause of action and is subject to the statute of limitations.

*Practice, C. P.—Pleading—New cause of action—Departure—Departure from law to law—Common law—Statutory law.*

2. A departure in pleading may be either in the substance of the action or defense, or the law on which it is founded.

3. A change from the assertion of a cause of action arising under the common or general law to a reliance upon a statute giving a particular or exceptional right constitutes a departure in law.

Argued May 11, 1910. Appeal, No. 55, Jan. T., 1910, by defendant, from judgment of C. P. Juniata Co., Sept. T., 1904, No. 78, on verdict for plaintiff in case of R. B. Allen v. Tuscarora Valley Railroad Company. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SHULL, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was the allowance of amendment to statement of claim.

*F. M. M. Pennell,* for appellant.—The rule to be observed in permitting amendments to declarations, or the filing of new counts, is that the cause of action must remain substantially the same: Steffy v. Carpenter, 37 Pa. 41; Royse v. May, 93 Pa. 454; Trego v. Lewis, 58 Pa. 463; Smith v. Smith, 45 Pa. 403; Dunbar Furnace Co. v. Fairchild, 121 Pa. 563; Tyrrill v. Lamb, 96 Pa. 464; Kaul v. Lawrence, 73 Pa. 410; Kille v. Ege, 82 Pa. 102; Leeds v. Lockwood, 84 Pa. 70.

*J. H. Neely* and *James M. Barnett & Son,* for appellee.—The amendment of the plaintiff's statement was permissible: Stoner v. Erisman, 206 Pa. 600; Rodrigue v. Curcier, 15 S. & R. 81; Erie City Iron Works v. Barber, 118 Pa. 6; Schmelzer v. Traction Co., 218 Pa. 32; Herbstritt v. Lacka. Lumber Co., 212 Pa. 495; Knapp v. Hartung, 73 Pa. 290; Trego v. Lewis, 58 Pa. 463; Drake v. R. R. Co., 5 Pa. C. C. Rep. 21; Erie City v. Schwingle, 22 Pa. 384.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1910:

This was an action of trespass at common law, brought July 1, 1904, by the plaintiff, a brakeman in the employ of the defendant company, to recover damages for injuries received in its service while he was in the act of coupling cars. The statement was filed with the præcipe, and averred, inter alia, as follows: "It then and there was the duty of defendant corporation to adopt and use couplings for its cars of ordinary character and reasonable safety, according to the usages, habits and ordinary risks of the business, but the defendant corporation, not regarding its duty in the premises, at or about February 29, 1904, at Juniata county aforesaid, carelessly and negligently adopted and used the pin and link coupler, a kind of coupler not then in ordinary use but more dangerous than the usual and ordinary coupling employed by railroads, by reason whereof plaintiff, while engaged in coupling cars, so as aforesaid supplied and fitted with

the pin and link coupler due to the negligence of defendant corporation, in the lawful performance of his work and exercising due and proper care, on or about February 29, 1904, aforesaid at the county of Juniata, was caught by the left hand between the two protruding irons, called bull noses, parts of the couplings, and thereby his left hand was badly cut, bruised, lacreated and torn," etc.

In December, 1908, a rule was granted on the defendant to show cause why the statement should not be amended, and on January 21, 1909, the rule was made absolute and the statement was amended so as to read, inter alia, as follows: "That said defendant corporation at the time of committing the grievances hereinafter mentioned was engaged in interstate commerce by railroad and a common carrier and did haul on its line cars used in moving interstate traffic not equipped with couplers coupling automatically by impact and which can be uncoupled without the necessity of men going between the ends of the cars, none of its cars being so equipped with couplers as aforesaid, in violation of the acts of congress of March 2, 1893, c. 196, sec. 2, 27 Statutes at Large, 531, and its supplements; that the train aforesaid was not composed of four wheel cars or eight wheel standard logging cars where the height of such cars from top of same to center of coupling does not exceed twenty-five inches used exclusively for the transportation of logs."

The defendant objected to the allowance of the amendment on the ground that it introduced a new and different cause of action which was barred by the statute of limitations. The first assignment alleges error in making the rule absolute and permitting the plaintiff to amend the statement of claim. As we are of opinion that this assignment must be sustained, the other assignments become immaterial and need not be considered or determined.

The amendment to the statement of claim, allowed by the court, brought the case within the act of congress of

March 2, 1893, and alleges that the cars were equipped with couplers in violation of the act. This statute was enacted, as its title declares, to promote the safety of employees and travelers upon railroads engaged in interstate commerce by compelling common carriers to equip their cars with automatic couplers, etc., and makes it unlawful for a common carrier to haul or permit to be hauled any car used in moving interstate traffic not equipped with couplers coupling automatically by impact. Section 8 of the act provides: "That any employee of any such common carrier who may be injured by any locomotive, car, or train in use contrary to the provisions of this act shall not be deemed thereby to have assumed the risk thereby occasioned, although continuing in the employment of such carrier after the unlawful use of such locomotive, car, or train had been brought to his knowledge."

The original statement, as observed, was at common law and alleges that the plaintiff's injuries resulted from the defendant company having carelessly and negligently adopted and used the pin and link coupler, more dangerous than the usual and ordinary coupling employed by railroads. Prior to the act of congress, employees of common carriers assumed the risks and dangers naturally and ordinarily incident to their employment which included the risks and hazards arising from the performance of their duty in coupling cars. If the employee was injured in the discharge of that duty, and it was a risk which he assumed, the carrier was not responsible. But the act changes the liability of the carrier when engaged in interstate commerce, and what was lawful at common law before the passage of the act is made unlawful by the act. The statute abrogates the common law pro tanto and imposes a liability on the carrier different from that imposed by the common law. The latter gives the employee a right of action for an injury resulting from a negligent act exposing him to a danger which he did not assume in entering the carrier's service; but the

statute deprives the carrier of the protection and defense of the risk assumed by the employee, which it had at common law. The act of the carrier in failing to equip its cars with automatic couplers is declared to be unlawful, and is forbidden under the penalty, imposed by sec. 8, that the employee if injured shall not be deemed to have assumed the risk of his employment. The act of congress is the basis of the plaintiff's claim, as laid in the amended statement; while, in the original statement, the basis of the claim is the failure of the carrier to perform its common-law duty to him as its employee. The amendment is not a restatement or the statement in a different form, of the same cause of action, but the averment of a statutory cause of action in which the liability is different and greater than in an action at common law. It deprives the defendant of a valuable right, viz., the defense of the assumption of risk by the plaintiff, which is not permissible: Kaul v. Lawrence, 73 Pa. 410. We think it clear that the amendment to the statement of claim introduced a new and different cause of action, which was barred by the statute of limitations, and, therefore, under the well-settled rule in this state, it should not have been allowed.

In support of the contention that the amendment did not change the cause of action, the learned counsel for the plaintiff claims that the language of the original statement was not changed in any way by the amendment which, it is alleged, consisted simply of an addition to the original statement and directed attention to the act of congress and its supplement as being applicable to the facts of the case. But, it will be observed, in the amendment there was a departure not only from the facts as laid in the original statement, but also from the law as applicable to the facts in the original statement. In other words, there was a departure, not only from fact to fact, but from law to law. A departure in pleading may be either in the substance of the action or defense, or the law on which it is founded: 2 Saunders

on Pleading and Evidence *807. The original statement, it is true, averred the injuries of the plaintiff and the alleged negligent act of the defendant by which they were caused, but there was no intimation in the statement that the carrier was engaged in interstate commerce or that the defendant's cars were equipped with couplers in violation of the act of congress. Proof of the existence of these two additional facts was required to sustain the action as amended, and this is one of the tests in determining whether the amendment introduces a different cause of action: Wabash R. R. Co. v. Bhymer, 214 Ill. 579. It is apparent that without this amendment the act of congress could have had no place in the case and could not have been invoked to deprive the company of its defense that the plaintiff assumed the risks or dangers of his employment. If, however, all the facts necessary to bring the case within the act of congress had been included in the original statement, it would have been insufficient as a statement under the act without a reference to the statute: Bolton v. Georgia Pacific Ry. Co., 83 Ga. 659. It is also true that if, as claimed by the plaintiff, all the facts necessary to sustain a recovery on the amended statement were set forth in the original statement, the amendment would still be a change or departure from the original statement, not from fact to fact, but from law to law, from an action founded on the common law to one founded on a statute abrogating the common law, which is equally effective to prevent an allowance of the amendment. In such case, the plaintiff bases his right of recovery upon other and different law, instead of other and different facts, and it constitutes a departure from the original cause of action: Union Pacific Ry. Co. v. Wyler, 158 U. S. 285; Boston & Maine R. R. Co. v. Hurd, 108 Fed. Repr. 116.

Our conclusion is supported by numerous decisions in this and other jurisdictions in which the same doctrine has been announced and applied. Dunbar Furnace Co. v. Fairchild, 121 Pa. 563, was a common-law action of

trespass to recover damages for cutting and carrying away timber standing on the plaintiff's land. After the statute of limitations had run, the court allowed the plaintiff to amend his statement so as to permit him to recover treble damages under the act of March 29, 1824, for cutting and converting timber trees. This court reversed the common pleas and held that the amendment introduced a new cause of action and should not have been allowed. In the opinion it is said (p. 571): "It has been many times decided that in order to recover under that act (of 1824), it is necessary to declare specially upon its terms, and that a common-law action of trespass will not suffice. . . . The difficulty with the present case is, that there is not only no conclusion contrary to the form of the statute, etc., but there is no allegation of any other kind that the action is brought under the statute." The case was again in this court, Fairchild v. Dunbar Furnace Co., 128 Pa. 485, and again it was held that the amendment could not be allowed. In delivering the opinion, Mr. Justice CLARK said (p. 498): "This action of trespass, being brought at the common law, was brought to redress the injury done, by an award of compensation; but the action under the statute is not for a redress of the injury; it is to recover a penalty prescribed by the statute, which, as a police regulation, is intended for the protection of real property from waste by those who either negligently or willfully intrude upon the lands of others. The cause of action accruing under this statute, although arising on the same matter, is different from that accruing at common law, and whilst, perhaps, they may be joined in one action, there can be but one recovery. An amendment to a declaration will not be allowed if a new cause of action is thereby introduced."

In Bolton v. Ry. Co., 83 Ga. 659, an action by an employee against the defendant company, it was said, in refusing an amendment to the statement (p. 660): "If, however, he commences his action and relies upon his

common-law right, we do not think he can amend his common-law declaration by setting out the statute and relying upon that for his right to sue and for his recovery. In this case the original declaration was founded upon the common-law right. Nothing was even intimated therein to the effect that he relied upon the statute. According to the decision in Exposition Cotton Mills v. Western & Atlantic R. R. Co., 83 Ga. 441, and cases cited therein, made at this term, this amendment would have added a new and distinct cause of action." This case also meets the argument of the plaintiff's counsel in the present case, that the language of the original statement was not changed by the amendment. The court says (p. 661): "But it is argued by counsel for plaintiff in error that all of the facts required by the Alabama statute to be pleaded, were already pleaded in the declaration, and that simply to mention the statute in the amendment and recite the same facts therein would not be a new cause of action. While it may be true that all the facts required by the Alabama statute had been set out in the declaration, still those facts alleged in the common-law declaration were mere surplusage and had no legal vitality, and would have been so regarded by the court trying the case. It required the pleading of the statute to give them any vitality at all. As we have seen, that statute is not mentioned or intimated in the original declaration, and hence to have allowed the amendment offered would have been allowing the introduction of a new cause of action."

Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, was an action by an employee against a railroad company based upon the common law of master and servant, and was brought to recover damages for an injury which had happened to the plaintiff in Kansas while on duty there. It was held that an amended petition which changes the nature of the claim and bases it upon a statute of Kansas giving the employee in such a case a right of action against the company in derogation of the common law is a de-

parture in pleading, and sets up a new cause of action.
The trial court allowed the amendment, and in reversing
the judgment Mr. Justice WHITE, in an exhaustive opin-
ion, discusses the right to amend an original statement
in such cases. He says, inter alia (p. 295): "A suit based
upon a cause of action alleged to result from the general
law of master and servant was not a suit to enforce an
exceptional right given by the law of Kansas. If the
charge of incompetency in the first petition was not per
se a charge of negligence on the part of the fellow-servant,
then the averment of negligence apart from incompetency
was a departure from fact to fact, and, therefore, a new
cause of action. Be this as it may, as the first petition
proceeded under the general law of master and servant,
and the second petition asserted a right to recover in
derogation of that law, in consequence of the Kansas
statute, it was a departure from law to law. . . . It is
argued, however, that, as all the facts necessary to re-
covery were averred in the original petition, the subse-
quent amendment set out no new cause of action in al-
leging the Kansas statute. If the argument were sound,
it would only tend to support the proposition that there
was no departure or new cause of action from fact to
fact, and would not in the least meet the difficulty caused
by the departure from law to law. Even though it be
conceded that all the facts necessary to give a right to
recovery were contained in the original petition, as this
predicated the assertion of that right on the general law
of master and servant, and not upon the exceptional
rule established by the Kansas statute, it was a depar-
ture from law to law. The most common, if not the in-
variable, test of departure in law, as settled by the au-
thorities referred to, is a change from the assertion of a
cause of action under the common or general law to a
reliance upon a statute giving a particular or excep-
tional right."

We are all of opinion that the amendment allowed by
the court below introduced a new cause of action, barred

by the statute of limitations.   The first assignment of error must, therefore, be sustained.

The judgment is reversed with a venire facias de novo.