510

DECIDED DECEMBER 16, 1931.    REHEARING DENIED JANUARY 12, 1932.

*D. E. Griffin, Joe Ben Jackson, Brock, Sparks & Russell,* for plaintiff.

*McDonald & McDonald, Jay & Garden,* for defendant.

LUKE, J.    Mrs. W. A. Newsome sued Dr. R. E. Russell for damages on account of the alleged wrongful death of her husband.    Her original petition, consisting of one count, was filed in the superior court of Ben Hill county.    The defendant having interposed a general demurrer to the petition, the plaintiff amended her original pleading by adding three separate counts, and by other amendments setting out more fully the facts intended to show the personal relation existing between the parties at the time of the injury complained of, and pleaded a statute of the State of Florida regulating the speed of automobiles upon the public highways of that State. By way of amendment to the demurrer, the defendant challenged the sufficiency in law of each of the additional counts, and renewed the general demurrer to the petition as amended.    The court sustained the general demurrer and dismissed the action.    The order sustaining the general demurrer was as follows:    "The court being of the opinion that the petition as amended fails to show any facts which authorize the plaintiff to recover, the general demurrer is hereby sustained and said case dismissed. . ."

It affirmatively appears in each count of the plaintiff's petition that the injury which was followed by the death of the husband was the result of the negligent operation of an automobile in which he was riding, and which was being operated by the defendant, within the State of Florida.    The point is made in the argument of counsel for the defendant in error that in the petition as amended

there are no allegations to show any right on the part of the widow to maintain an action for damages for the death of her husband, under the laws of the State of Florida, and that, in the absence of such allegations, or in the absence of pleadings setting up a valid statute of the State of Florida which would authorize the widow to institute and maintain such an action, the courts of the State of Georgia will presume that the common law is the law of force in Florida, and, by reason of this presumption, no cause of action is set out in the petition as amended, and the trial court properly sustained the general demurrer and dismissed the petition. We have no reason to doubt the soundness of that proposition; it seems to be supported by decisions of the Supreme Court of our State. *Bailey* v. *Devine,* 123 *Ga.* 653 (51 S. E. 603, 107 Am. St. R. 153), and cases cited; *Savannah &c. Ry. Co.* v. *Evans,* 121 *Ga.* 391 (49 S. E. 308).

But it is suggested by counsel for the plaintiff in error that this court might with the utmost propriety remand the case with permission to amend the petition by specially pleading the statute of Florida conferring upon the widow the right to institute and maintain the action. However much this court might be inclined to accede to that suggestion, nevertheless it is considered that such a course, if pursued by this court in the circumstances of the instant case, would not be in harmony with the decisions of the Supreme Court of our State. Since the necessity of pleading the statute is not to be dispensed with by judicial recognition, certainly the statement in the brief of counsel that such a statute is in existence is also beyond the notice of this court. We can not conceive of any theory upon which this court would be warranted in holding that error was committed by the trial court in this case in sustaining the general demurrer; and, no reversible error appearing, the only course open to this court is that of affirming the judgment. We regard the case of *Davis* v. *Muscogee Mfg. Co.,* 106 *Ga.* 126 (32 S. E. 30), as controlling.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*