CAMPBELL *v.* POWELL, executor, *et al.*

CANDLER, Justice. Mrs. Adelaide McBride Campbell filed a suit in the Superior Court of Coweta County, Georgia, against J. W. Powell and Mrs. Virginia McBride Neville, as executor and executrix, respectively, of the estate of Mrs. Alice M. Hall. The petition contained a prayer

for process and for a money judgment against the defendants in their representative capacity. By their answer the defendants admitted that they as such representatives had on hand for proper distribution $2738.01, and stated that they had previously paid a like amount to the plaintiff. They further set up in their answer that Mrs. Elizabeth McBride Chapman had demanded from them the balance of the money in their possession as such representatives, claiming that she was entitled to it under the will of Mrs. Mary Jane McBride, her great-grandmother, over whose estate they (the defendants) were also executor and executrix, respectively. They prayed for a construction of Mrs. McBride's will; that Mrs. Chapman be made a party to the cause; and that direction be given them as to whom the balance on hand should be paid. Mrs. Chapman was made a party, and in response to the petition said that she was, under the terms of Mrs. McBride's will, entitled to the balance of the money which the defendants had. She also prayed for a construction of Mrs. McBride's will. It is clearly apparent from the record that the issue between Mrs. Campbell and Mrs. Chapman must be settled and determined by a construction of Mrs. McBride's will under applicable New York statutes as construed by the courts of that State. As to this all of the parties agreed. The parties stipulated that Mrs. McBride was a resident of New York when her will was executed in 1894, and continuously thereafter until her death in 1901; that the property in controversy is located in New York; and that her will should be construed and the rights of the parties determined according to the statutes of that State. They waived the necessity of pleading and proving the New York statutes relied upon, and consequently the record is silent respecting the New York law relied upon by the parties in support of their respective contentions. The trial judge, without the intervention of a jury, found that Mrs. Chapman was entitled to the balance of the money held by the defendants, and directed them to pay it to her. To this Mrs. Campbell excepted. *Held:*

1. The Supreme Court of Georgia has authority "To exercise appellate jurisdiction, and that only, and in no case to hear facts or examine witnesses." Code, § 24-3901.

2. When the statutes of a sister State are relied upon, as in this case, they must be pleaded and proven just as any other essential fact of which the court can not take judicial notice. *Bolton* v. *Georgia Pacific Ry. Co.,* 83 *Ga.* 659 (10 S. E. 352); *Cummings* v. *Montague,* 116 *Ga.* 457 (42 S. E. 732); *Savannah Ry. Co.* v. *Evans,* 121 *Ga.* 391 (49 S. E. 308). In the *Cummings* case, supra, Mr. Chief Justice Simmons, who delivered the opinion for the court, said: "The courts of Georgia can not take judicial cognizance of the statutes of a foreign State, and, within the meaning of this rule, the other States of this country are foreign. When the statute of such a State is relied upon, it must be pleaded and proved just as any essential fact of which the court can not take judicial notice." And in the *Savannah Ry. Co.* case, supra, Mr. Justice Evans, speaking for the court, said: "That, in order to gain the advantage of a foreign statute upon which a plaintiff bases his right to recover, the statute must be specially pleaded and proved admits of no doubt. . . This is true for the obvious reason that the courts of one

State can not take judicial notice of the laws of a sister State."

3. The rule is well settled in this State that the burden is on the party alleging error to show it affirmatively by the record. *Simpson* v. *McBride*, 78 *Ga.* 297; *Grier* v. *Cross*, 79 *Ga.* 435 (6 S. E. 14); *Richmond Hosiery Mills* v. *Hayes*, 146 *Ga.* 240 (91 S. E. 54); *Richter* v. *Cann*, 191 *Ga.* 103 (11 S. E. 2d, 774). Not only that, but the onus is on the plaintiff in error to show by the record, error which injured him. *Brown* v. *Atlanta*, 66 *Ga.* 71; *Walker* v. *Hartford Accident & Indemnity Co.*, 196 *Ga.* 361 (26 S. E. 2d, 695). In other words, this court has no jurisdiction to reverse the judgment of a lower tribunal, except for an error affirmatively shown by the record to have injured the excepting party.

4. As shown by our statement of the facts, the parties agreed that the controversy between them should be determined by the court according to the statutes of New York as they have been construed by the courts of that State for more than fifty years; and in the absence, as here, of anything in the record to the contrary, we will presume that the trial judge has carefully examined the applicable laws of that State and correctly decided the questions presented to him.

*Judgment affirmed. All the Justices concur.*

No. 16965. APRIL 10, 1950.

*R. O. Jones*, for plaintiff.

*J. W. Powell* and *Welborn B. Davis Jr.*, for defendants.