18677. RODALE *et al.* v. GRIMES *et al.*

CANDLER, Justice. Mr. and Mrs. Chris Rodale of Marshalltown, Iowa, brought habeas corpus against Mr. and Mrs. Claude C. Grimes in De-Kalb County to recover possession of Roger Dean Rodale, who was

born in Marshall County, Iowa, on September 14, 1947. In substance and so far as it need be stated, their petition alleges that they are the parents of the child involved; that they have not lost or surrendered their right to his custody in any way; and that he is being illegally detained by the defendants. In their response to the writ, the defendants averred that the plaintiffs gave the child to them on September 22, 1947, while they were all residents of Iowa, on the defendants' promise and agreement to rear him as their own child; that they have, since the day they took the child, cared for, nurtured, and loved him as parents; and that they have legal custody of him in virtue of the oral contract they made with his parents. They also averred that the plaintiffs are morally unfit to have custody and care of the child, and that he will be reared under immoral influences if returned to them. By an amendment to the petition, it was further alleged: "Plaintiffs show that under the laws of Iowa no person may assume permanent care and custody of a child under the age of fourteen years, nor may rights and duties with respect thereto be transferred except in accordance with the adoption statute of the State of Iowa. Defendants have not adopted Roger Dean Rodale." The defendants demurred and moved to strike the amendment, "for the reason that the same is irrelevant and immaterial, having no bearing on the issues in question for the reason that the same are controlled by the law of the State of Georgia." The demurrer was sustained and the amendment was stricken. On the hearing and after the parties had introduced evidence, the trial judge held that the plaintiffs had, under the laws of Georgia, released their parental right to the child by voluntary contract with the defendants, and that the welfare of the child would be best served by leaving custody of him in the defendants. The plaintiffs excepted. *Held:*

1. As and for their right to have and retain custody and care of the child involved, the defendants relied on an oral contract which, according to their evidence, was made with the plaintiffs while all of them resided in the State of Iowa. In these circumstances, it is well settled in this State that the validity and effect of the contract must be determined by the laws of Iowa; and this is especially true in the instant case, since it does not appear that the parties contemplated performance of the contract elsewhere. Code § 102-108; *Davis* v. *DeVaughn,* 7 *Ga. App.* 324 (66 S. E. 956); *Champion* v. *Wilson & Co.,* 64 *Ga.* 184 (1); *Jackson* v. *Johnson,* 67 *Ga.* 167 (2), 182; *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 445 (5) (67 S. E. 944, 137 Am. St. R. 227); *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 189 *Ga.* 807 (7 S. E. 2d 737). In the case last mentioned, it was held: "Where a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws."

2. The statutory laws of a sister State are regarded as matters of fact; this being true, they must be pleaded and proven in this jurisdiction when they are relied on in legal proceedings. *Cummings* v. *Montague,* 116 *Ga.* 457 (42 S. E. 732); *Savannah, Florida &c. Ry. Co.* v. *Evans,* 121 *Ga.* 391 (49 S. E. 308); *Campbell* v. *Powell,* 206 *Ga.* 768 (58 S. E. 2d 829). "While properly a foreign statute should be pleaded with

sufficient distinctness to enable a court to judge what is the effect of the law, the same definiteness of pleading required in case of disputable facts is not always required in respect of the contents of a foreign statute which is capable of exact ascertainment. Indeed, general allegations in an answer have been held to be sufficient in the absence of a motion to make more specific and definite. And while allegations as to the laws of a sister state are averments of fact, which may be admitted or denied like any other fact and are admitted by demurrer, a court is not always concluded as to the construction of a statute of a sister state by allegations contained in the complaint." 41 Am. Jur. 299, § 14. "In pleading the statute of a foreign state, it is not necessary that it should be set forth in haec verba, but the substance of those portions that are relied on should be stated with sufficient distinctness to enable the court to judge of the meaning and effect of the law." 36 Cyc. 1241, § 3b. In this connection, see also *Cummings* v. *Montague,* supra. On the ground of demurrer interposed thereto, it is clear to us that the trial judge erred in striking the amendment to the plaintiffs' petition.

3. Since it was reversible error to strike the amendment to the petition, all proceedings thereafter taken in the case were nugatory; and questions made by assignments of error upon rulings of the court during the trial will not be considered. *Central Supply &c. Co.* v. *Lawton,* 131 *Ga.* 375 (62 S. E. 293). In this connection, see also *Bond* v. *Norwood,* 195 *Ga.* 383 (24 S. E. 2d 289).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1954—DECIDED OCTOBER 11, 1954.

H. Fred Gober, for plaintiffs in error.
E. C. Harvey, Jr., E. T. Hendon, Jr., contra.