## 35618. LOWRANCE BUICK COMPANY, INC. *v.* MULLINAX.

DECIDED APRIL 18, 1955.

*G. W. Langford*, for plaintiff in error.

*Fariss & Fariss*, contra.

TOWNSEND, J. It is contended by the general demurrers that the petition sets forth no cause of action, and that no cause of action is set out "in that petitioner seeks to bind defendant to a decree rendered in the Chancery Court of Bradley County, Tennessee, without any statement of facts justifying the erroneous legal conclusion that defendant was bound by the same."

Code § 38-624 provides as follows: "Where a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein shall be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." In *Barrett* v. *Miller*, 36 *Ga. App.* 48 (135 S. E. 111), it was held: "2. The vendor of personal property is presumed to impliedly warrant the title thereto. Civil Code (1910) § 4135; *Malsby* v. *Widincamp*, 24 *Ga. App.* 737 (1) (102 S. E. 178). 3. In an action by a vendee of personal property on the vendor's implied warranty, where it appeared that under a judgment against the vendee in a suit of the true owner the vendee had been compelled to surrender possession of the property, the court did not err in admitting in evidence the judgment adverse to the vendee's title, where it appeared, without objection and without dispute, that the vendee had notified the vendor of the pendency of that proceeding, and that the vendor, instead of making a defense to it, told his vendee that 'when they prove it was a stolen car' he would gladly refund the purchase price, and where it appeared that with full notice of the pendency of the suit, and being actually present at the trial thereof, the vendor permitted judgment to be rendered against his vendee. In such a case, under the provisions of Section 5821 of the Civil Code (1910), the judgment was conclusive upon the party thus vouched, as to the amount and the right of the plaintiff to recover in the former suit." And in *Peavy* v. *General Securities Corp.*, 208 *Ga.* 82 (4) (65 S. E. 2d 149), it was held: "Where a defendant may have a remedy over against another and vouches him into court by giving him notice of the suit, the judgment rendered therein shall be conclusive against the party vouched as to the amount and the right of the plaintiff to recover. Code § 38-624." The petition here clearly alleges the sums in which the plaintiff was damaged as a result of the defendant's breach of warranty of title, and therefore sets out a cause of action based on such a breach, and for that reason alone would not be subject to general demurrer. It further sets out a judgment against the plaintiff here in an action against him, of which this defendant was notified and in which he was called upon to defend the title passed on by him. Accordingly, it sets out a cause of action

based on the judgment in that case, which is conclusive against this defendant as to the amount and right of the plaintiff to recover under Georgia law.

The defendant contends, however, that the judgment, having been rendered in Tennessee and not in Georgia, is not conclusive upon him in this action as to the amount or right of the plaintiff to recover, unless the plaintiff further sets out Tennessee law sufficient to show that the judgment would have had a similar effect in that State, citing *Campbell* v. *Powell,* 206 *Ga.* 768 (2) (58 S. E. 2d 829), and *Savannah, F. & W. R. Co.* v. *Evans,* 121 *Ga.* 391 (49 S. E. 308), to the effect that, where the plaintiff seeks to gain the advantage of a foreign statute upon which he bases his right ot recover, the foreign statute must be specially pleaded and proved. The plaintiff here, however, does not seek the right to recover under a foreign statute, but seeks to recover under a Georgia statute. The provision of Code § 38-624 relative to vouching in persons having a liability over is codified from the common law. *Raleigh & G. R. Co.* v. *W. & A. R. Co.,* 6 *Ga. App.* 616, 618 (65 S. E. 586). It is generally recognized that in such a case a third party has a right to intervene as a defendant; and that the defendant, having the remedy over, has the right, according to the State in which the action is being tried, either to make such third person a party defendant or to call upon him to intervene, and, on his failure to do so, to hold him bound by the judgment in the original case. 21 C. J. S. 946, § 89; 67 C. J. S. 1073, § 83; 50 C. J. S. 360, § 811, et seq. Tennessee being a part of the original thirteen colonies, it is presumed in the absence of anything to the contrary that the common law of that State is the same as the common law of this State as interpreted by Georgia courts. *Andrews* v. *Andrews,* 91 *Ga. App.* 659 (3b) (86 S. E. 2d 669). Accordingly, the defendant, knowing that the judgments of the State of Tennessee would be entitled to full faith and credit in this State, should, if after notice it desired to avoid the effect of such judgment upon itself, have intervened in the Tennessee case to defend the title of its vendee. Of course, if under any statutory requirement peculiar to Tennessee law it would have been prevented from intervening and making its defense therein, such fact might be pleaded and proved by it in this action in order to avoid the

effect of the Tennessee judgment in this State, and would be matter of defense, in which event the petition here would still state a cause of action against the defendant for a breach of warranty of title, but the plaintiff, instead of standing upon the judgment in the Tennessee case, would have to prove every fact alleged by him relating to his right to recover and the amount of his damages.

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed.   Gardner, P. J., and Carlisle, J., concur.*