### 39991. CRESCENT TEXTILES, INC. v. PACOLET MANUFACTURING COMPANY.

RUSSELL, Judge. 1. Generally, the authority of a court to issue and serve process is restricted to the territory of the State where issued, and the court has no power to require persons not within its territory to appear and answer to its judgments. *Milner v. Gatlin,* 139 Ga. 109, 113 (2) (76 SE 860); *Briggs v. Briggs,* 207 Ga. 614 (63 SE2d 371).

2. Where, in an action on a foreign judgment, the law of the foreign state is not pleaded, it is presumed to be the same as the common law as interpreted by the courts of this State. In such a case, where the foreign judgment is attached to and made a part of the petition, and shows on its face that the judgment, entered in the Supreme Court of New York in and for the County of New York, is against a nonresident defendant, a resident of the State of Georgia, and that the only service effected was extraterritorial service by registered mail, the judgment is void on its face in the absence of a further showing that the nonresident defendant, by appearing and pleading or by some other means of waiving service known

to law, submitted himself to the jurisdiction of the court. *Lurey v. Jos. S. Cohen & Sons Co.,* 86 Ga. App. 356 (71 SE2d 689); *Greenfield v. Chronicle Printing Co.,* 107 Ga. App. 442 (130 SE2d 526).

3. The instant case is based on a contract containing an agreement that controversies arising thereunder shall be settled by arbitration; that in the absence of agreement such arbitration shall be held in the City of New York; that the parties consent to the jurisdiction of the Supreme Court of New York and "further consent that any process or notice of motion or other application to the court or a judge thereof may be served outside the State of New York by registered mail or by personal service, provided a reasonable time for appearance is allowed." In this respect and in all other substantial particulars this case presents the same facts as those revealed in *Lurey v. Jos. S. Cohen & Sons Co.,* 86 Ga. App. 356, supra, except that in *Lurey* the nonresident defendant did not participate in the arbitration proceedings in New York, whereas here it did participate to the extent of naming an arbitrator and agreeing to a date for hearing. It did not, however, in any manner participate in the judicial proceedings which followed, and which consisted of a motion to make the award of the arbitrators the judgment of the New York court; unless and until the award was made the judgment of some court it could not, of course, be legally enforced as a judgment. Since this is an action on the judgment, and not an action to enforce the award, it does not appear that mere participation in the arbitration proceedings would bind the defendant to the judgment unless by some other means the court in which the judgment was rendered had acquired jurisdiction of his person.

4. A party may waive service of process and the time of filing with respect to a suit against him, and such waiver may be made prior to the commencement of the action, but, "unless the waiver or acknowledgment has reference to some particular action intended to be instituted in some particular court, it is void for uncertainty, if not against public policy as tending to use the court as a means of oppression and denying to the defendant any fair opportunity to be heard." *Henry & Co. v. Johnson,* 178 Ga. 541 (1, 2) (173 SE 659). The consent of the defendant here to a mode of service of process otherwise utterly void because of lack of jurisdiction of the

court to subject persons of other states to its process as to a judgment in personam will not operate as a waiver of proper service. Assuming that it did in fact refer to the action filed in the New York court (which suit is on a cause of action which had not arisen at the time the consent was given), it designates only the trial courts of New York State generally and not the particular court in which the motion was in fact filed. It is therefore too vague and indefinite itself to confer on the New York court, not only jurisdiction of the person of the defendant generally, but his right in particular to insist on personal service in the action instituted therein.

In *Cummings v. Montague*, 116 Ga. 457, 458 (42 SE 732), it was held that "If the plaintiff wished to base his suit upon a Tennessee statute, that statute should have been pleaded." This is cited in *Rodale v. Grimes*, 211 Ga. 50 (84 SE2d 68), where 41 Am. Jur. 299, § 14, and 36 Cyc. 1241 are also cited to the effect that: "While properly a foreign statute should be pleaded with sufficient distinctness to enable a court to judge what is the effect of the law, the same definiteness of pleading required in cases of disputable facts is not always required" and "it is not necessary that [the statute] should be set out in haec verba, but the substance of those portions that are relied on should be stated with sufficient distinctness to enable the court to judge of the meaning and effect of the law."

On the other hand, even as against a general demurrer, statements which are "mere conclusions" or "clearly conclusions" are not admitted. *Higdon v. Dixon*, 203 Ga. 67 (45 SE2d 423); *Callan Court Co. v. Citizens &c. Bank*, 184 Ga. 87 (190 SE 831).

Paragraph 13 alleges that the hearing was "in accordance with the laws of the State of New York." Paragraph 14 alleges that defendant "consented to the jurisdiction of the Supreme Court under the laws of the State of New York", and Paragraph 15 that he "is bound in personam . . . under the laws of New York." These statements are clearly conclusions of law, and cannot be considered as against the demurrer.

5. The trial court erred in overruling the general demurrer to the petition urging that the petition as amended failed to set forth a cause of action.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED APRIL 2, 1963—REHEARING DENIED MAY 1, 1963.

*Huie, Etheridge & Harland, James R. Harland, Harry L. Cashin, Jr.,* for plaintiff in error.

*David H. Gambrell,* contra.