## CLEVELAND *a.* PORTER.

*Supreme Court, First District; At Chambers, February,* 1860.

APPEARANCE.—OPENING JUDGMENT OBTAINED ON SERVICE OF ONE OF SEVERAL DEFENDANTS.

Where the circumstances under which judgment against several joint debtors was obtained on service of summons upon one only, were such as to countenance suspicion that it was obtained by connivance of the defendant served—it was opened on motion of another defendant, to let in his defence.

Motion to open judgment, and to be let in to defend.

This was an action against several defendants on a joint liability. An action was previously commenced against them by the same plaintiff, but dropped on account of an irregularity in omitting a subscription to the summons. The plaintiff then brought this suit, in which he served summons on the defendant, Otis R. Porter, alone; subsequently his attorney informed one of the other defendants that no suit would probably be commenced against him. After judgment on the default of the defendant who was served, the defendant William D. Porter moved to be let in to defend.

LEONARD, J.—When the plaintiff's attorney informed the attorney for the defendant, Lacony, that he considered the summons void, and that no suit was in fact pending, the defendant's attorney did not dispute the proposition. On the contrary he acquiesced in it, and received $10 from the plaintiff's attorney in payment of his costs. None of the defendants can claim any relief, affirmatively, in consequence of the omission to sign a consent or enter an order for discontinuance. Lacony is precluded by the action of his attorney; and the other defendants are not entitled to avail themselves of the want of such consent in writing, or the want of an order of discontinuance.

Subsequently, on the application of the attorney for the defendant Lacony, the plaintiff's attorney informs him by letter that in consequence of the summons not being subscribed he considered that there is no suit pending, and that no suit would probably be commenced against his client. This communication was shown to the defendant, Wm. D. Porter, or he was informed of it. The fact was that a new suit had been commenced, and the summons and complaint had been served on the defendant, Otis R. Porter, five days before this communication was written. It was not strictly true, and might mislead, and probably did mislead, the defendant Wm. D. Porter.

It appears from the answer of Lacony, that all the defendants, being joint obligors, had a defence and counter-claim, *prima facie* good, and sufficient to defeat the plaintiff's action.

The defendant, Otis R. Porter, who alone was served with the process on which judgment was entered, allowed judgment to be taken by default for want of an answer, and judgment was thereon entered in form against all the defendants as joint obligors.

On this present motion, Otis R. Porter makes an affidavit to resist the application of Wm. D. Porter, to be let in to defend.

These circumstances give some countenance to the suspicion that the judgment, authorizing as it does, a levy on the joint property of the defendants, was obtained by connivance between the plaintiff and Otis R. Porter.

The defendant, Wm. D. Porter, must be allowed to serve an answer and counter-claim to the complaint herein, and the plaintiff's attorney must furnish the said defendant or his attorney

with a copy of the summons and complaint. The judgment and subsequent proceedings to stand as security, but all further proceedings thereon are to be stayed until determination of the issues so to be made between the plaintiff and Wm. D. Porter.

The costs of this motion are fixed at ten dollars, to abide the event of the said issue.