By the Court, Barrett, J.—[Present, Van. Brunt, P. J., Barrett and Bartlett, JJ.]
We think the demurrer was well founded. The allegation-is not a statement of fact, but of a legal conclusion from undisclosed facts. It is, in effect, saying that under foreign laws, of which we know nothing, one person has become liable for another person’s debts, and it. differs in no substantial particular from an allegation— which has always been treated as a mere conclusion— that the defendant is indebted to the plaintiff. It is. clear that the foreign law should have been pleaded. The law of a foreign State is a fact to be alleged and! proved like any other fact. It is not necessary to plead the evidence of the fact, whether such evidence be-embodied in the statutes of the foreign State, or in the-decisions of its courts. But the fact that a given proposition is the law must be stated, if such fact is essential to a recovery. The case of Birney v. Drexel (33 Hun, 34), does not conflict with this conclusion. There a ' :fact Avas stated ; namely, that upon the testator’s death-his personal property, “ under the laws of France,” vested immediately in certain of the plaintiffs. That Avas in substance an allegation that those persons Avere the owners of the property Avhich the defendants Avere charged Avith having converted ; in other Avords, an allegation of the fact of plaintiff’s title. It is true that *315 this allegation was coupled with a disclosure of its legal source. But such disclosure was superfluous. It was simply a suggestion of the nature of the proof which would be adduced upon the trial to support the fact of title, as alleged. It will be observed, too, that, the defendants in that case were sought to be charged with a common law liability, while the defendants here can only be held under the statutes of Colorado and Utah. The plaintiff here has neither pleaded such statutes nor any fact from which the conclusion that a liability for the coupons in suit attached to the defendant and became enforceable against it can be deduced.
The judgment should, therefore, be reversed, with costs, and the demurrer sustained, with leave to the plaintiff to amend his complaint within twenty days, upon payment of the costs of the demurrer and of this appeal.
All the judges concurred.
Note on Pleading Foreign Statutes.
There is much apparent discrepancy in the authorities on this question, owing to the general language used by the courts in some of the cases having been read without regard to the distinction between pleading a foreign law as a fact according to its legal effect, and pleading its supposed legal effect in the particular case without pleading the law.
Some cases have gone so far as to require that a foreign statute must be set out in its very language.
Now there can be no doubt that the common law rule that any document may be pleaded according to its legal effect, is in force under the Code(except it may be occasionally in those jurisdictions where the statutes require certain documents forming the foundation of an action to be pleaded by copy or filing the original) and that this rule includes foreign statutes.
But there is a familiar difference between alleging a contract according to its legal effect, which means to state the substance of the instrument as matter of fact without necessarily using its language, and on the other hand alleging merely what the pleader claims to be the legal effect of the instrument in his particular case. Thus to allege that. *316 the defendant on, etc., in consideration, etc., covenanted with plaintiff to pay the plaintiff a specified sum, is pleading the instrument according to its legal effect in the common law. sense of that term, but to allege that the defendant on, etc., in consideration, etc., made a covenant whereby he became indebted to the plaintiff in a specified sum, would not be pleading the instrument according to its legal effect in the ■common law sense of that term, but would only be alleging a legal conclusion from an instrument which the pleader had not alleged either in words or by substance.
This distinction is substantial, though its application is sometimes a matter of doubt under the peculiar language which pleaders occasionally use.
The only safe rule is (unless where a statute is pleaded iin its very words), to state the foreign law, as a rule of general application, apart from any connection with the particular facts of the case ; as thus, “ that by the law of said State, at all the times referred to, whenever two railroad ■corporations become consolidated with each other, all the debts, etc., of each consolidating company become attached to and become obligations of the new corporation so formed,” or in some such way alleging the existence of the .•general rule of law,”—and then to allege separately the facts which bring the present case within the operation of that rule.
There is not wanting, however, high authority sustaining allegations not so carefully framed, as for instance, Hanley ». Donohue (116 U. S. i, 7), where it was held on demurrer, that an allegation that “ fey the law and practice of Pennsylvania the judgment so rendered against the two defend* •ants, aforesaid, is in that State valid and enforcible against A, and void as against B,”—was sufficient.
In the recent case of McLeod v. Connecticut & P. R. Co. (7 East. Rep. 105), Vt. 1886, it was held that an allegation that by the law of another State it was the duty of defendant to do an act, was not sufficient, but the law itself must be set out, and to similar effect is Swank v. Huffnagle (111 Ind. 453 ; and Throop v. Hatch (3 Abb. Pr. 23). The latter ■case, however, was limited if not ovérruled in Schluter v. Bowery Savings Bank (117 N. Y. 125).
The same principle suggests that in pleading a usage or ■custom, it is not sufficient to allege that by the usage or by the custom of the place in question it was the düty of the defendant to do an act, but the pleader should allege that •at the time and place in question it was the usage of the trade in question to do such acts, or otherwise (accordingly 'to the usage in question), and to allege also, distinctly, the *317 facts bringing the case at bar within the general usage so described. And to this effect is Wallace v. Morgan (23 Ind. 399).
The result of the authorities seems to be that while it is not necessary to plead a foreign statute in its very words,, the existence and substance of the rule of law embodied therein must be alleged as a substantive fact; and that merely alleging that by the laws of the foreign jurisdiction a specified legal consequence resulted between the parties,, is not pleading the law according to its legal effect, but only pleading a supposed particular effect without pleading the law at all. For other cases on the subject, see (Kipp v. McLean, 2 Civ. Pro. R. [McCarty] 166 ; Cambies v. McDonald [No. 2] 2 State Rep. 130 ; Robarge v. Central Vt. R. Co., 10 Abb. N. C. 363 ; Savings Association of St. Louis v. O’Brien, 51 Hun, 45).