SULTAN OF TURKEY v. TIRYAKIAN et al. (No. 5875.)

(Supreme Court, Appellate Division, First Department. May 29, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 2*)—LAWS GOVERNING.

It is competent for any sovereignty to provide by law that it may take possession of the property of its citizens and administer it according to the law of the land.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2, 652; Dec. Dig. § 2.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DESCENT AND DISTRIBUTION (§ 5*)—LAW GOVERNING—PERSONAL PROP-
ERTY.
    It is a rule of international law that the succession to personal prop-
erty depends upon the law of the domicile of the decedent.
    [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§
19–22; Dec. Dig. § 5.*]

3. PLEADING (§ 10*)—FOREIGN LAWS—SUFFICIENCY.
    In an action by a foreign sovereign to recover the amount bequeathed
to one of his subjects, who died in the foreign domicile before receiving
the legacy, a complaint which set forth certain statutes regulating the
distribution of estates of deceased persons in the foreign country, and
alleged that by the law of that sovereignty, which, it appeared, was
unwritten, the legal title vested in the sovereign, states a cause of action,
since it is permissible to apply the legal effect of an unwritten law.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 30; Dec. Dig.
§ 10.*]

4. DESCENT AND DISTRIBUTION (§ 91*)—RIGHT TO PROPERTY—FOREIGN SOV-
EREIGN.
    The fact that the complaint, after alleging legal title, set forth the laws
under which the property would be distributed, does not affect the sov-
ereign's right of action, for he is entitled to the fund whether he takes the
legal title or only the right of possession for the purpose of distribution,
the same as if he were an administrator appointed by a sister state.
    [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig.
§§ 359–381; Dec. Dig. § 91.*]

Appeal from Special Term, New York County.

Action by His Majesty, the Sultan of Turkey, by Djelal Munif
Bey, his consul general, against Haroutyoun Tiryakian and another,
as executor and executrix of the last will of Hovhannes S. Tavshan-
jian, deceased. From an interlocutory judgment sustaining defend-
ant's demurrer to the amended complaint, the plaintiff appeals. Re-
versed, and demurrer overruled.

See, also, 159 App. Div. 908, 144 N. Y. Supp. 1146.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and DOWLING, JJ.

Vahan Cardashian, of New York City, for appellant.
George S. Kebabian, of New York City, for respondents.

LAUGHLIN, J. This is an action to recover $10,000, together
with interest thereon from the 29th day of October, 1907, being the
proceeds of two policies of life insurance bequeathed by one Hovhan-
nes Tavshanjian by last will and testament to his mother, Mannig
Tavshanjian. It is alleged that the testator left assets more than suffi-
cient to pay his debts and all of his legacies, and that his debts have
already been paid in full, and that the amounts payable on the insur-
ance policies were collected by the defendants as his executor and
executrix. The demurrer is upon the ground that the complaint fails
to state facts sufficient to constitute a cause of action, and the point
presented is whether the plaintiff shows a right to receive the fund in
question.

It is alleged that the legatee, Mannig Tavshanjian, was a resident
and subject of Turkey, and died on the 7th day of March, 1911, with-

out having personally, or by any one thereunto authorized in her behalf, received the legacy. A demurrer to the first amended complaint was sustained by the trial court on the ground that the plaintiff failed to show his title or a right to possession of the fund, and that decision was affirmed by this court without opinion. 159 App. Div. 908, 144 N. Y. Supp. 1146. On that point, however, the former complaint merely alleged generally that by the laws of Turkey the department of justice "must assume physical control of all the property and estate" of the deceased legatee "and distribute it according to the Domestic Relations Law of the land, which requires the heirs and other persons entitled to any part of such property and estate to appear before the court at the place where the deceased departed this life and prove their claims." The present complaint sets forth a translation of the statutory law of Turkey making it the duty of certain officials of the department of justice to register, inventory, and administer the estate of deceased persons by selling and converting their property into money and deducting certain legal fees and paying the debts and distributing the surplus to the heirs, or depositing the same for their benefit as therein provided. It is also alleged that, by the laws of Turkey, immediately upon the death of a subject the legal title to his estate vests in his majesty the Sultan of Turkey, and that the Sheik-Ul-Islamat, who is invested by the plaintiff with exclusive jurisdiction and power concerning the construction and administration of all laws pertaining to religion and domestic relations, "must assume physical control of all the property and estate" of a deceased subject and distribute it according to the Domestic Relations Law of Turkey, which requires the heirs and other persons who may claim any part of the estate to appear before the court at the place where the deceased person departed this life and prove their claim.

It was stated on the argument that the law under which his majesty the Sultan of Turkey takes the title and right to possession of the estate of his deceased subjects for the purpose of having it so administered is not in writing, but that it has been the unwritten law of that country for many centuries.

[1, 2] I am of opinion that the plaintiff has now sufficiently alleged his right to recover the possession of the fund in question for the purpose of administering it according to the laws of Turkey. It is entirely competent for any sovereignty to provide by law that it shall have the right to take possession of the property of its citizens and to administer it according to the law of the land; and that, in effect, is what all sovereigns do. It is a well-settled general rule of international law that the succession to personal property depends upon the law of the domicile of the decedent. Wheaton's International Law (4th Ed.) § 83; Wharton on Conflict of Laws (2d Ed.) §§ 561, 555, 556, 557, 558, and cases cited. Heirs and next of kin have no inalienable right to inherit, and it is upon this principle that the tax upon the transfer of property upon the death of the owner has been sustained. Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037; Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St. Rep. 508, affirmed sub nom. Orr v. Gilman, 183 U. S. 278, 22 Sup. Ct. 213, 46 L. Ed. 196.

[3] In the case at bar, the statutory law of Turkey set forth in the second amended complaint sufficiently shows the right of the government to the possession of the personal property of a deceased subject, and by the unwritten law pleaded in general terms the right to such possession, if not to the title to the property, is sufficiently pleaded, for manifestly it is permissible to plead the legal effect of unwritten law.

[4] The sufficiency of the allegations of the complaint to entitle the plaintiff to recover the fund is not, I think, affected by the fact that the plaintiff after alleging legal title sets forth laws under which the property is to be distributed, for it is immaterial to the plaintiff's right to possession whether he takes the legal title or only the possession for the purpose of distributing the fund, in accordance with the laws of the country of which he is the ruler. It is not to be presumed that there are any local creditors here of the foreign legatee, which requires the administration of any part of the fund; and in such case, if the legacy were to a resident of a sister state and the legatee died and was represented by an administrator, the property would be delivered to such administrator for administration. Matter of Mercure, 1 Tuck. 288. That in effect is what the plaintiff seeks here.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to defendants to withdraw the demurrer and answer on payment of the costs of the appeal and of the demurrer. All concur.