HERBERT BERRI, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, May 3, 1940.

*Reuben Levy* of counsel [*Julius Isaacs* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the appellant.

*Howard W. Fensterstock* of counsel [*Emil Weitzner* with him on the brief; *Kaufman & Weitzner,* attorneys], for the respondent.

CALLAHAN, J. This action was brought for a refund of real estate taxes.

Plaintiff and his son were the owners of a parcel of real estate in the borough of Brooklyn, N. Y., known as 292–296 Washington street. On March 22, 1935, plaintiff paid both halves of the taxes assessed against said property for 1935. The first half so paid became payable and a lien on April 1, 1935. The second half was not required to be paid and did not become a lien until October 1, 1935. However, it was prepaid, as indicated, in order to obtain a discount.

Pursuant to a resolution adopted by the board of estimate and apportionment of the city of New York on June 14, 1935, the city acquired 292–296 Washington street in condemnation, and title vested in the city on June 28, 1935.

The question involved is whether the taxpayer is entitled to a refund of the second half of the year's taxes because the city condemned the property before the date on which the taxes became due or payable.

The city contends that this case is controlled by the decision in *Central Railroad Company of New Jersey* v. *City of New York* (173 App. Div. 968).

In the *Central Railroad Company of New Jersey* case (*supra*) the taxes involved were for the year 1914. They were paid on May 6, 1914. On April 1, 1914, the commissioners of the sinking fund had adopted a resolution initiating condemnation proceedings against the property. It did not appear that the railroad knew of that resolution. No claim of mistake of fact was asserted in the action. In that case, title to the property vested in the city on June 9, 1914. Under the applicable statute, taxes became a charge against real property when the assessment rolls were completed and delivered to the receiver of taxes, which in 1914 was on March twenty-eighth. This court held that a refund was properly denied under the circumstances.

It is apparent that the facts in the present case differ from those presented in the cited case. Here no condemnation was initiated until after payment of the taxes.

In addition, we find that there has been a change in the charter provisions since the decision in the *Central Railroad Company of New Jersey* case (*supra*). By an amendment to section 914 of the Greater New York Charter, adopted by chapter 17 of the Laws of 1916, it was provided as follows: " All taxes shall be and become liens on the real estate affected thereby *and shall be construed as and deemed to be charges thereon* on the respective days when they become due and payable as hereinbefore provided *and not earlier* and shall remain such liens until paid."

The italicized matter was added in 1916. The *Central Railroad Company of New Jersey* case (*supra*) was decided after the amendment had been adopted, but the case was controlled by the former law. The corporation counsel urged in its brief submitted on the appeal in that case that an action against the city to recover taxes could only be maintained as to an amount not an existing charge when paid. That is the situation in the present case.

The Court of Appeals, in *Buckhout* v. *City of New York* (176 N. Y. 363), said (at pp. 369, 370): " Taxation cannot create a debt until there is a tax fixed in amount and perfected in all respects. It is not enough to lay the foundation, but the structure must be built. * * * A city cannot eat its cake and have it any more than a citizen. It cannot commence proceedings to tax, then take away the property, and after that complete the process of taxation. * * *."

We think that the reasoning of the *Buckhout* case (*supra*) is applicable here, and the refund was properly granted.

The determination of the Appellate Term should be affirmed, with costs and disbursements.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Determination unanimously affirmed, with costs and disbursements.