FRED E. GROSSMAN, Respondent, v. WESTERN FINANCIAL CORPORATION, Appellant.— In an action by a broker for commissions for procuring manufacturers in Germany for the manufacture of sugar bags out of jute to be supplied by defendant, the defendant appeals from so much of an order as (a) granted in part plaintiff's motion to vacate or modify defendant's demand for a bill of particulars, (b) denied in part defendant's motion to examine plaintiff before trial, and (c) granted plaintiff's cross motion to strike out the third to seventh affirmative defenses, inclusive, without prejudice to service of an amended answer properly pleading the facts constituting the fourth, sixth and seventh defenses so struck out. Order modified (1) by adding to the second ordering paragraph thereof the following items, as contained in defendant's notice of motion for examination before trial: Item 12, with the words "Laws Numbers 53 and" deleted, and the words "Law Number" substituted in their place. Item 14, with the words "and the part which" deleted, and the words "insofar as" substituted in their place; and the words "played and the effect they had on" deleted, and the word "affected" substituted in their place; and (2) by deleting from the third ordering paragraph the figures "12" and "14"; and by inserting in said paragraph, after the word "denied", the following: "without prejudice to an application, after service of an amended answer properly pleading the facts constituting the fourth and sixth affirmative defenses, for examination as to the matters above deleted from item 12, and item 14, respectively"; and (3) by deleting from the ninth and tenth ordering paragraphs the word "Seventh", and by inserting in the tenth ordering paragraph the word "Fifth" after the word "Fourth". As so modified, the order is affirmed, with $10 costs and disbursements. Appellant's time to serve an amended answer is extended until ten days after the entry of the order hereon. Items 12 and 14 of defendant's notice of motion to examine plaintiff before trial relate to the seventh defense, which was struck out below and is being reinstated hereby. Except for the reference to Military Government Law, Number 53 (which concerns only the fourth defense, struck out without prejudice to being properly pleaded), item 12 is proper, hence it is allowed with the exception indicated, without prejudice to an application to restore the matter so excepted upon proper pleading of the fourth defense. The changes made in item 14 are for the purpose of limiting the inquiry thereunder to the alleged illegality of the contracts herein, rather than permit a general investigation of European cartels, which is beyond the issues herein. As so limited, item 14 is proper. In paragraph 41 of the answer, the seventh affirmative defense sets forth the substance of the foreign laws relied upon in a manner that enables the court to determine the meaning and effect thereof (*Sultan of Turkey* v. *Tiryakian,* 162 App. Div. 613, affd. 213 N. Y. 429; *Rothschild* v. *Rio Grande Western Ry. Co.,* 26 Abb. N. C. 312; *Throop* v. *Hatch,* 3 Abb. Prac. 23;

*Chesny* v. *Chesny*, 275 App. Div. 945); said laws, as alleged, contain no exception that the pleading must negative (3 Carmody on New York Practice, § 928; *Harris* v. *White*, 81 N. Y. 532, 546; *Rowell* v. *Janvrin*, 151 N. Y. 60); it is alleged that said laws were in effect at all times mentioned in the complaint (*Colcord* v. *Banco De Tamaulipas*, 181 App. Div. 295; *Weissman* v. *Banque De Bruxelles*, 221 App. Div. 595), and there follow allegations of fact that show the contracts herein to be in violation of these laws. This defense consists of material facts, not conclusions, and is proper. (3 Carmody on New York Practice, § 925, pp. 1782–1783, and cases therein cited.) The fifth defense is insufficient in that it pleads conclusions instead of facts. Nolan, P. J., Carswell, Adel and Schmidt, JJ., concur; Johnston, J., not voting.