Benjamin Brenner, J.
Defendant moves to dismiss the amended complaint for insufficiency. It contains three causes of action which differ substantially from those contained in the original complaint. This is not objectionable as a party having the right to amend a complaint may plead an entirely new cause of action, in which case the amended pleading replaces the former pleading. (Kolber v. Kolber, 267 App. Div. 837.) The claim that the plaintiff is guilty of laches becomes a material consideration only where leave to amend is sought from the court. (Smith v. Horn & Hardart Co., 276 App. Div. 869.) Since the order dismissing the original complaint imposed no restriction as to the form of the amended pleading which plaintiff was given leave to serve it is not objectionable on that ground.
In its present form the pleading states a cause of action. The suit is brought by an assignee of Alfred Schwartzbaum, who loaned Israeli money to defendant’s husband, Nathan I. Schwartzbaum, now deceased. It is alleged that the assignor and defendant’s husband were residents of Israel and that it was and still is the law of that State that 1 ‘ where no administrator or executor is applied for and appointed, the estate of a decedent devolves upon his heirs; his heirs become its legal representatives and take said estate subject to all of the decedent’s debts, and they then become liable for the decedent’s debts to the extent of and in proportion to the amount of the decedent’s estate which each heir thus took or received.” It is further alleged that the decedent left an estate in Israel; that at the time of the death of the decedent, plaintiff’s assignor was his creditor; that this defendant, upon her husband’s death in Israel, came into possession and full control of all the assets of his estate; that she retained all such assets, removed same to the State of New York, and failed to pay the decedent’s debts although the assets so appropriated by her were burdened with such debt, and that plaintiff sustained damages.
*882 The amended complaint thus sufficiently sets forth the controlling law of the State of Israel by which the defendant, as distributee, acquired the estate subject to the lien of plaintiff’s assignor, recoverable thereunder as a newly-created debt to the plaintiff (3 Carmody-Wait, New York Practice [1953]; Berney v. Drexel, 33 Hun 34, 37; Grossman v. Western Fin. Corp., 280 App. Div. 833).
The second cause of action seeks to support a claim for money had and received relative to the assets of the estate acquired by her to the extent of the unpaid indebtedness. True, it has long been the general concept that a cause for money had and received rests on the equitable ownership of that very money rather than on a mere legal or creditor’s right to recover. Perhaps plaintiff’s assignor as such creditor could not, in Israel, claim equitable ownership of the assets to the extent of his loan, despite the defendant’s obligation under the Israeli statute to personally repay it. But it will be noted that it is alleged in the first cause of action, repeated in the second cause, that the defendant removed from Israel and transferred all the assets of the estate therefrom. While she did not thereby commit any act of theft, misappropriation or conversion, she did remove the fund, which includes the sum loaned, from the assignor’s reach. So, though equitable ownership may be lacking, it seems to me that an equitable right to recoupment, based on defendant’s conduct, justifies the maintenance of the alternative cause for money had and received.
For, inherent in a cause for money had and received is the essential plea that the money is payable in equity and in good conscience (Roberts v. Ely, 113 N. Y. 128). It rests upon a quasi-contractual obligation created by law ‘ ‘ upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. In truth it is not a contract or promise at all. It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and in good conscience he ought not to retain it, and which ex aequo ei bono belongs to another.” (Miller v. Schloss, 218 N. Y. 400, 407.) Nor does the acquisition of the property by the defendant necessarily presuppose wrongful taking for unjust enrichment is not synonymous with wrongful enrichment. (Berri v. City of New York, 16 N. Y. S. 2d 86, affd. 259 App. Div. 453.) Thus, while a true conversion of property is a clear basis for a claim of money had and received (Quintal v. *883 Kellner, 264 N. Y. 32), the possession of money which rightfully belongs to another implies a promise to repay even if the possession be legally obtained (Cohen v. City Co. of N. Y., 283 N. Y. 112). In other words, a wrongful taking, misappropriation or conversion is not necessarily a prerequisite to an action for moneys had and received. It is therefore my view that the second cause is sufficiently pleaded.
As to the third cause which purports to allege misappropriation and conversion, it is not contended that the right of the defendant to take possession of the assets of her husband’s estate as her own is in any way restricted, except as it is charged with a lien by the statute aforesaid. The fact that the defendant possessed herself of the estate, though by the laws of Israel it is burdened with the lien for unpaid debts, does not in and of itself raise any inference of wrongdoing. The third cause must therefore fall as conversion implies an act of malfeasance such as misappropriation, destruction or alteration of the property of another. The motion is granted as to the third cause but denied as to the first and second causes pleaded in the amended complaint.