■ CHEMICAL BANK NEW YORK TRUST COMPANY, Appellant, v. STATEN ISLAND BOARD OF JEWISH EDUCATION, INC., et al., Respondents.— Order, entered December 16, 1964, herein appealed from, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with $30 costs and disbursements to the appellant, and the motion granted, with $10 costs. In this action on a promissory note against the maker and guarantors thereof, the defendants' contention that there was an accord and satisfaction is not supported by the record. The defendants undertook to do only that which they were bound to do, and the acceptance of the legal rate of interest after the maturity of the note, rather than the 5% called for by the note, adds nothing to that simple fact (*Roberg* v. *Evyan, Inc.*, 7 Misc 2d 851, 857 *et seq.*, affd. 11 A D 2d 933), nor is a mere forbearance to collect a waiver. The defendants' allegation of an agreement whereby defendants undertook to pay $100 per month " more or less regularly " is so vague and indefinite as to be virtually meaningless. Nor does the bank interoffice memo singly or even in conjunction with the notations on the checks constitute the required writing or establish an executory accord under section 15–501 of the General Obligations Law. Concur — Botein, P. J., Valente, McNally, Stevens and Eager, JJ.

■ In the Matter of the Arbitration between ALEX WOLF et al., Copartners Doing Business under the Name of ALEX and LEO WOLF, Respondents, and MICHAL FERMAN, Appellant, and DIAMOND TRADE ASSOCIATION OF AMERICA, INC., Respondent.— Order, entered January 12, 1965, directing arbitration, unanimously affirmed, without costs and without disbursements. In affirming, the court has concluded that whether the issue comes within the arbitration clause, is one for the arbitrator to determine. In short, the court is not determining that the dispute over the leasing of the premises is one which comes within the more restrictive arbitration clause. Appeal from order denying reargument dismissed, without costs and without disbursements. No appeal lies from such order. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■ NICHOLAS J. DAUKAS et al., Respondents, v. SHEARSON, HAMMILL & Co., INCORPORATED, et al., Appellants.— Order, entered on January 18, 1965, denying defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, without costs or disbursements, and the motion to dismiss the complaint granted, with leave, however, to plaintiffs to apply at Special Term for permission to replead. (See CPLR 3211, subd. [c].) This complaint suffers generally, and even more noticeably, from the infirmity which condemned the complaint in *Kramer* v. *Loeb, Rhoades & Co.* (20 A D 2d 634), and the failure of the fraud causes to comply with CPLR 3016 (subd. [b]) is glaring. When allegations are as vague and conclusory as those here, the existence of any cause of action at all is brought into question, and some showing that one does exist becomes an appropriate prerequisite to leave to replead. Concur — Botein, P. J., Valente, McNally, Stevens and Steuer, JJ.