**UNITED STATES of America,
Petitioner-Plaintiff,**

v.

**94 ACRES OF LAND, MORE OR LESS, IN the TOWN OF HYDE PARK, COUNTY OF DUTCHESS, STATE OF NEW YORK, and Bernard Kessler, et al., Defendants.**

**No. 64 Civ. 3388.**

United States District Court
S. D. New York.

May 8, 1969.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York for the United States; Daniel Riesel, Special Asst. U. S. Atty., of counsel.

Bernard Kessler, Hyde Park, N. Y., for defendants; John B. Gilleran, Irving J. Bland, White Plains, of counsel.

## OPINION

DIMOCK, District Judge.

In this condemnation proceeding involving 94 acres of land adjacent to the government-owned "Home of Franklin D. Roosevelt National Historic Site" in the Town of Hyde Park, Dutchess County, New York, a memorandum decision was filed on June 6, 1968, awarding defendant landowners $76,600, as just compensation for the taken land. In that memorandum, which was intended to embody findings of fact and conclusions of law, express leave was granted to either party to make application pursuant to Rule 62(b) F.R.Civ.P. for further findings and conclusions including specifically any concerning any compensation due to defendant landowners for 1964 property taxes paid in advance by defendants for the period post November 9, 1964, the date on which the title of the United States vested.

Defendants have now made a motion for further findings and conclusions with respect to such property taxes and for inclusion in the final award of compensation of an additional sum of $896.-62 in reimbursement for those advance property tax payments.

The United States opposes the application on the grounds 1., that in the ordinary case prepaid taxes ought not to be included in the award and, 2., that in a case like this in which the United States is the condemnor, the immunity of the condemnor from taxation precludes inclusion of taxes in the award.

I find however that the amount of prepaid taxes was an element of the market value of defendants' property on the date of the taking and that govern-

mental immunity does not preclude their inclusion in the award.

■ The moving affidavits would support a determination that, on November 9, 1964, apportionment of the current liens would show that town and school real property taxes on the taken land had been prepaid to the extent of $896.62. Since there is no objection to this method of proof, I shall, rather than reopening the taking of oral evidence, accept it for the purpose of any appropriate findings and conclusions or provisions in the judgment.

The applicable statute is Section 258a of Title 40 United States Code which provides that, upon the filing of a declaration by an acquiring authority, containing a statement of the sum of money estimated by said acquiring authority to be "just compensation for the land taken" and the deposit in court of the estimated compensation, "title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States * * * and the right to just compensation for the same shall vest in the persons entitled thereto."

My original award of $76,600 as the value of the taken land was based upon the testimony of the sole expert witness for the United States. He purported to fix "just compensation for the land taken" as required by the statute. In his testimony no allowance was added for any element of value arising from prepayment of taxes. The question thus arises whether such an allowance should be made.

■ The general rule is that the "just compensation" to which the condemnee is entitled is the market value of the taken land. Olson v. United States, 292 U.S. 246, 255, 54 S.Ct. 704, 78 L.Ed. 1236 (1934); Boom Co. v. Patterson, 98 U.S. 403, 408, 25 L.Ed. 206 (1878). The market value would include the value of the taken land in so far as it was created by a special attribute such as freedom from taxes because of their prepayment. Condemnation of one of the enormous office buildings in New York City might well occur in the middle of a tax period on account of which a vast sum had been paid at the beginning. To say that just compensation must exclude any element for the prepayment would be to assign no meaning to the word "just" and to deprive the condemnee of his property without due process of law. To avoid such a result, the expression "just compensation for the land taken" must be construed to include any element of value of the land created by prepayment of taxes.

■ As was said by Circuit Judge McGowan in District of Columbia v. Sussman, 122 U.S.App.D.C. 207, 352 F.2d 683 (D.C. Cir. 1965) at pp. 686–687:

"Any private buyer would have paid a price arrived at in arm's-length negotiation with the seller, including, under traditional practice, an apportioned part of the currently assessed property taxes. These owners, negotiating with the United States prior to its flexing of the muscle of condemnation, would have been able to insist upon the same approach. When negotiations fail and condemnation follows, we think they are entitled to see the case go to the jury in the same posture, which means that a provable element of their damages is the tax liability for the portion of the year in respect of which they have been deprived of the use of their property. We have discovered no case, and know of no reason, why the dollar amount of such tax liability, offered in evidence solely for this purpose, would not be admissible. * * *

A condemnee does not have to accept in full payment for his property the sums deposited in court at the time of taking. He is entitled to try to persuade a court or jury that he has been damaged in a larger amount, and to support that claim by all relevant and competent evidence. That evidence may, in our view, include the taxes payable to the District with re-

spect to a period when his property is in the hands of the Government."

The use in the statute of the term "fee simple absolute" as an estate that can be acquired by the condemnor does not militate against this conclusion. To begin with, there is no inconsistency in terms in the expression "fee simple absolute with current taxes prepaid". More important, it is not the "fee simple absolute" for which the condemnee is entitled to payment but "the lands taken." The owner gets the value of what he loses, not what the condemnor gains. United States v. Causby, 328 U.S. 256, 261, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946); United States v. Becktold Co., 129 F.2d 473, 476 (8 Cir. 1942).

It must be borne in mind that we are fixing the amount of the fund that is to represent the whole market value of the lands taken and are not fixing the respective rights of those who will have interests in that fund. The interests in the fund, such as the respective rights of the owner of the taken lands and a taxing authority with an unpaid lien thereon, depend upon other considerations. See United States v. Certain Parcels of Land In Philadelphia, 130 F. 2d 782 (3 Cir. 1942); United States v. 3 Parcels of Land in Woodbury Co. Iowa, D.C.N.D.Iowa, W.D., 198 F.Supp. 529 (1961).

The United States says that a condemnee ought not to receive the unearned portion of the taxes as part of the award because he can get it back from the taxing authorities. The case cited in support of this right of recovery, Berri v. City of New York, 259 App.Div. 453, 19 N.Y.S.2d 347, 2nd Dept., 1940, is inapposite. Recovery was there allowed not on any such general rule but on the ground that the prepaid tax had not become due until after the condemnation proceeding had been commenced. The court approved the principle that an action against a taxing authority could only be maintained as to an amount not an existing charge when the condemnation proceeding was commenced. Defendants' right to the prepaid portion

of the tax here could not have been enforced against the taxing authority. It was an existing charge when the condemnation proceeding was commenced.

To demonstrate that defendants could recover from the taxing authorities the prepaid portion of the taxes, the United States cites Section 74–a of the New York General Municipal Law, McKinney's Consol.Laws, c. 24. That section provides that, in state condemnation proceedings, just as I now hold with respect to federal condemnation proceedings, the prepaid portion of taxes shall constitute part of the damages. The argument that, if a different rule is adopted for federal condemnation proceedings, the state courts will be moved to do what they can to give the federal proceedings the same practical effect as state proceedings seems hardly worthy of notice.

Since there is no right here to obtain from some other source the refund of the prepaid tax, the Government's argument that such a right would denigrate defendants' right to get it from the award is irrelevant.

The United States contends that, even if the prepaid tax ought to be added to the fee simple absolute value of the land in the ordinary case, it ought not to be so added where the United States is the condemnor. Where the condemnor is the United States the taken land is free from state taxation. The prepayment of the taxes created no benefit for the condemnor. It is therefore argued that the United States ought not to be required to make any payment on account of it. While it happens that the immunity of this particular condemnor from taxation makes the tax prepayment useless to it, the market value of the land is influenced by the general run of real estate transactions where the purchasers have no such immunity. Again the United States must pay "just compensation" to the owner, what he could get in the open market, not merely what the United States will get out of the deal. Olson v. United States, supra; Boom Co. v. Patterson, supra; United States v.

Causby, supra; United States v. Becktold Co., supra.

The effect of the foregoing is that my original decision is amended so as to find and conclude that just compensation for the taken land is $77,492.62 less a set off of the amount already paid $75,200.

Defendants will thus receive $ 2,292.62 plus 6% interest thereon from November 9, 1964, to the day of payment.

Submit judgment on notice.