Nanette Dembitz, J.
The claimant’s case from his pro se standpoint was a simple one on conceded facts: he had purchased from defendant for $3,000 a franchise in a food delivery service; he had never been able to use the franchise because defendant failed to supply the delivery service; when defendant agreed to a rescission of the franchise agreement, it only refunded $2,000 to claimant. Therefore, according to claimant, defendant owes him $1,000.[1]
The defense to the claim alleges an accord and satisfaction and involves a consent judgment of the United States District Court for the Southern District of New York in a proceeding brought against defendant by the Securities and Exchange Commission. That judgment, entered under a Federal statute regulating security sales and prohibiting fraud therein, provided that defendant should offer its franchisees a rescission of their franchises with a refund of their payments therefor in installments spread over five years at a maximum. Related to this consent judgment was a finding that "a similar business venture” to defendant’s, with two of the same active principals, committed fraud in its sale of franchises (Securities & Exch. Comm. v Galaxy Foods, 417 F Supp 1225, 1248); they were sold, according to the court, through high pressure, get- *261 super-rich-quick, deceptive sales tactics. Merchandising so-called "Gold” and "Silver” franchises, defendant sold claimant a "Silver” franchise for $3,000, which according to defendant’s sales literature represented a reduction for early purchasers from its regular price of $4,000.
Claimant made numerous complaints to defendant throughout the spring of 1976 that he could not exercise his franchise to take orders on commission for defendant’s food delivery service, because defendant incorrectly assured him that it would begin the food deliveries the following month. Finally, defendant through its attorney offered to rescind the franchise agreement with a refund of the price over five years — the longest period for repayment permitted by the Securities and Exchange Commission consent judgment. Claimant told the attorney that the person who lent him the $3,000 for the franchise purchase was already suspicious about his use of the money, and would "kill” him unless it was repaid promptly rather than over five years. The attorney then said claimant’s only option to the five-year payback was a refund of $2,000 instead of $3,000. Claimant accepted a $2,000 check on which defendant had written "Refund on Fran. # 1123 — Full Satisfaction.”
Defendant’s inscription on the face of this check, together with claimant’s indorsement on the back of it, do not constitute a "writing” sufficient to establish an accord and satisfaction or a release of a claim. (Chemical Bank N. Y. Trust Co. v Staten Is. Bd. of Jewish Educ., 23 AD2d 833, affd 16 NY2d 909; Matter of King Metal Prods. v Workmen’s Compensation Bd., 20 AD2d 565.) Nor was there an oral accord. For, there was no explicit request by defendant’s attorney for a release, and therefore a clear and true meeting of minds cannot be inferred. Even in the case of a written release, when there is a possibility of "a misapprehension by the party signing the instrument as to what was being effected by the release * * * the person presenting the release was under obligation to disclose” its precise effect. (Wheeler v State of New York, 286 App Div 310, 313.) Claimant’s testimony to the effect that he had no "intention to relinquish” his claim (see Werking v Amity Estates, 2 NY2d 43, 52) is confirmed by the circumstances.
Finally, claimant’s ignorance of the law and defendant’s attorney’s advantage of superior knowledge precluded a valid accord between them. (See Ryon v Wanamaker, Inc., 116 Misc *262 91, 99, affd 202 App Div 848.) For, the consent judgment obtained by the Securities and Exchange Commission merely provided a minimum that defendant was obliged to offer its franchisees to satisfy the Federal Securities Law. Nor was claimant in any way bound by a judgment to which he was not a party. (Hansberry v Lee, 311 US 32, 41.) When the defendant’s attorney told claimant that his only options were to accept his proffer of $2,000 or to secure a $3,000 refund over a five-year period, he omitted a vital option — a claim for full restitution in a State common-law action for rescission on grounds of fraud and failure of consideration. Thus, claimant was not in a position to " 'act freely, and with a proper understanding of his rights.’ ” (MacNamee v Hermann, 53 F2d 549, 550.)[2]
Concluding on the various above grounds that there was no accord and satisfaction, we come to the question of whether claimant is entitled to recover his additional $1,000 in an action for money had and received, which is an "action at law * * * founded upon equitable principles aimed at achieving justice”. (Federal Ins. Co. v Groveland State Bank, 37 NY2d 252, 258; see, also, Matter of Strand v Piser, 291 NY 236, 239; Schank v Schuchman, 212 NY 352, 358.) As in the similar action for unjust enrichment, the test is whether defendant received money "that in equity and good conscience he ought not to retain” (Miller v Schloss, 218 NY 400, 407); proof of his fraud or wrongdoing is not required. (Guaranty Trust Co. v State of New York, 299 NY 295, 302.)[3]
Claimant never received the promised benefit for his $3,000 purchase — the opportunity to work as a franchisee for defendant’s food delivery service. Defendant on the other hand got the benefit of claimant’s $3,000 as interest-free "initial working capital” and "turn-key financing” to start its business, which now grosses $20,000 a week (see Galaxy, 417 F Supp 1225, 1241-1242, 1248, supra). The promisor should "not profit at the promisee’s expense” more than it already has (Schwas-nick v Blandin, 65 F2d 354, 357). The defendant "had taken the [plaintiff’s] money for the service to be rendered. The consideration has failed, and it should pay the money back.” *263 (Richard v Credit Suisse, 242 NY 346, 358.) Finally, it bears on the equities to note that claimant had ground for a suit for rescission and full restitution not only on the basis of failure of consideration and probably of fraud but also of want of consideration in the franchise agreement. For a scrutiny of defendant’s lengthy printed agreement with its franchisees indicates that defendant did not definitely agree to provide food delivery for the franchisee, but instead agreed to service only the areas it designated and only to the extent of its capacity to delivery therein.
Judgment for claimant for money had and received by defendant for $1,000 with costs.

. Claimant proceeded in the Small Claims Part, which gives people the opportunity to appear in the evening after work without an attorney and without formal pleadings, to assert claims to a maximum of $1,000. The claimant need only state the facts, the court determining whether there is an applicable form of action. While an unusually complex case can be transferred to the daytime pro se part of the civil court, a transfer herein would have been very inconvenient for claimant.

. See, also, Austin Instrument v Loral Corp. (29 NY2d 124, 131); Matter of Hellenic Lines (Dreyfus Corp.) (372 F2d 753, 757) and Educational Beneficial v Reynolds (67 Misc 2d 739, 744).

. See, also, Cohen v City Co. of N. Y. (283 NY 112, 117-118); Naimoli v Massa, (81 Misc 2d 431, 434) and Maisel v Schwartzbaum (30 Misc 2d 880, 882).