■ C. Itoh & Co. (America) Inc., Respondent, v F. W. Honerkamp Co., Inc., Appellant. — Order, Supreme Court, New York County (Wallach, J.), entered February 3, 1983, denying defendant's motion for summary judgment dismissing the complaint, affirmed, with costs and disbursements. Plaintiff instituted this action to recover the balance due for plywood paneling sold and delivered by it to defendant. Defendant claims that some of the paneling was defective; that it requested plaintiff to remove the defective goods; but that plaintiff's salesman, Greenbaum, asked it to retain the goods, sell them as lower grade material, and take a 50% discount from the invoice price. Plaintiff contends that defendant was to pay 50% on account, with the balance to be determined by future negotiation. On April 18, 1980 defendant sent a letter to plaintiff in which it listed the total figures on the invoices ($21,055.36) and claimed a credit due of $10,527.68. The letter ended with a request to plaintiff to "[p]lease advise". Plaintiff did not respond. On April 29, 1980, defendant sent a check to plaintiff for $13,352.88, with the notation "Payment in full" on the front of the check, underneath the reference box in the upper left-hand

corner. Plaintiff cashed the check, and subsequently brought suit to recover the balance. Defendant moved for summary judgment dismissing the complaint on the ground that there had been an accord and satisfaction as a matter of law. In opposition, plaintiff submitted an affidavit from Greenbaum, who contended that he agreed to accept $13,352.88, on account, with negotiations on the remainder to follow, and that after a factory inspection determined that the boards were not defective plaintiff pursued its claim. In addition, plaintiff's cashier's clerk stated in an affidavit that she deposited between 20 and 40 checks a day; that she would not routinely cash a check which contained any restrictive or conditional indorsement on its back, and that she did not notice the "Payment in full" words on the front because they were barely discernible and she did not "study every payment * * * with a fine tooth comb." Special Term denied the motion. Citing *Mais v Futuristics Foods* (90 Misc 2d 259), it found that the words "Payment in full" were not "written or placed in such a way as to draw attention to their significance". The motion was properly denied. An essential element of an accord and satisfaction is a clear manifestation of intent by one tendering less than full payment of an unliquidated claim that the payment has been sent in full satisfaction of the disputed claim. (*Hudson v Yonkers Fruit Co.,* 258 NY 168, 174; *Manley v Pandick Press,* 72 AD2d 452, 454; *Hirsch v Berger Import & Mfg. Corp.,* 67 AD2d 30, 34.) Here, defendant in its letter of April 18, 1980 initially requested plaintiff to "please advise", apparently as to whether it agreed with the calculations in the letter. Plaintiff did not respond. The check subsequently sent contained the words "Payment in full" on the front, but the legend was not highlighted nor marked in any way as to draw attention to it. No such condition appears on the back of the check where an indorsement is normally placed. Nor did a letter clearly indicating that negotiation of the check would constitute an accord and satisfaction accompany the check. In such circumstances an issue of fact sufficient to warrant denial of summary judgment is presented as to whether plaintiff was aware that negotiation of the check would constitute an accord and satisfaction. Concur — Sandler, J. P., Sullivan and Asch, JJ.

Ross and Alexander, JJ., dissent in a memorandum by Alexander, J., as follows: In my view the order below should be reversed and the defendant's motion for summary judgment granted. Both Special Term and the majority focus undue attention upon and attach undeserved importance to the words "Please advise" inscribed on the defendant's letter of April 18, addressed to Larry Greenbaum, salesman for the plaintiff. Defendant has asserted and the plaintiff has not denied, that soon after the defective condition of the paneling became apparent, he complained to the plaintiff and invited the plaintiff to inspect the goods. He asserts that Greenbaum and two other employees of the plaintiff visited his premises to inspect the defective goods. In the discussions in respect thereto, Greenbaum agreed that the goods were defective and requested that they be retained by the defendant, and sold as lower grade material. Defendant was to take a 50% credit for these goods. The claimed defects related primarily to the birch and walnut paneling as outlined in the defendant's letter of April 18, 1980. Thus, Greenbaum's carefully worded affidavit to the effect that "We agreed that defendant would make a partial payment of the amount of its check, $13,352.88 and that we would thereafter continue negotiating the remainder of defendant's *obligations on our invoices.* At no time did we ever state that defendant's said payment would be *payment in full of all of our invoices.* Any assertion to the effect that said payment would be payment in full is false" (emphasis added) does not constitute a denial of defendant's assertion that an agreement was reached to settle the dispute in respect to the defective plywood paneling, by giving the defendant a credit of $10,527.68. Indeed the check only related to invoice TA 7409, which was for

the total sum of $23,880.56. There obviously were additional invoices relating to additional paneling ordered from the plaintiff against which no credit was claimed. There is no claim that the $13,352.88 characterized by Greenbaum as a partial payment would be "payment in full" of all of plaintiff's invoices. The alleged agreement was that the defendant would take a 50% credit for the defective goods. Thus the letter of April 18 does no more than to enumerate the specific items against which the credit is to be made and set forth the computation of the 50% credit. In any event even if the responses of Greenbaum constitute a denial that there was an agreement to settle the dispute for the 50% credit, it is nevertheless clear that there was a bona fide dispute between the parties in respect to what amount was owed to the plaintiff in view of defendant's claim that some of the paneling was defective. The law is well settled that where an amount due is in dispute and the debtor sends a check for less than the amount claimed, and clearly expresses his intention that the check has been sent as payment in full and not on account and in part payment, the cashing or retention of the check by the creditor is deemed an acceptance by the creditor of the conditions stated and operates as an accord and satisfaction of the claim. (*Fuller v Kemp,* 138 NY 231; *Carlton Credit Corp. v Atlantic Refining Co.,* 12 AD2d 613, affd 10 NY2d 723.) The words "Payment in full" were clearly written on the face of the check, beneath a legend identifying the relevant invoice and noting that a 50% credit had been applied against the invoice total. Thus plaintiff's cashiers clerk's assertion that the words " 'Payment in full' " do not indicate "what the check is in payment in full of" does not accord with the facts. Indeed, if her account is accepted, we must conclude that she apparently did not know which invoice the payment would be applied against. So far as has been discovered there is no requirement that the conditions imposed by the debtor be inscribed in any particular place or in any particular manner, only that there be a clear and unambiguous expression of the conditions. (*Fuller v Kemp, supra; Carlton Credit Corp. v Atlantic Refining Co., supra; Hirsch v Berger Import & Mfg. Corp.,* 67 AD2d 30.) Such an expression was made here and given the fact that plaintiff admittedly knew of the dispute, it could not accept and negotiate that check free of the conditions plainly expressed on its face.